The situation to which my attention is invited by the present application is manifestly anomalous.
The final decree in this cause dated April 13th, 1948, adjudges favorably to the complainant:
1. That the defendants have no estate, interest in or encumbrance upon the premises described in the bill of complaint;
2. That the complainant, however, reimburse the defendants in the sum of $1,945.01 for taxes, interest, and other maintenance expenses theretofore paid by them; *Page 139 
3. That the defendants pay to the complainant the costs of the suit to be taxed, including a counsel fee of $350, "which is hereby allowed to said complainant." In this last respect the decree awarding costs to the complainant instead of to its solicitor is in conformity with the established practice in this court. 2 Kocher Trier 1375 § 1876.
The complainant has not displayed any inclination to discharge its obligation in pursuance of the terms of the decree, and the defendants have not exhibited any tendency to collect the sum awarded to them.
The solicitor of the complainant is irked. He deems with some justification from a pragmatical point of view that he himself is entitled to the taxed costs awarded to his client regardless of the more substantial monetary decree rendered against his client in favor of the defendants.
I now have presented to me a petition in the name of the complainant which alleges that a copy of the decree, a copy of the bill of taxed costs, and a demand for the payment of the costs and counsel fee have been served upon the defendants without avail, and requesting the issuance of execution against the assets of the defendants to recover the allowances amounting to the sum of $477.66. Chancery Rule No. 150; R.S. 2:29-133;N.J.S.A.
I am not unaware of the decisions of our Supreme Court such asBrown ads. Hendrickson, 39 N.J. Law 239, and Schautz v.Kearney, 47 N.J. Law 56, in which it has been announced that "to the extent of the costs, equity should regard the judgment as in favor of the attorney himself," and "The order to set off will not touch the taxed costs. They belong to the attorney."
However, Chancellor Walker, speaking for this court in HobokenTrust Co. v. Norton, 90 N.J. Eq. 314, 318; 107 Atl. Rep. 67,
declared: "The decree in terms practically awards costs to the solicitor against his client, and this is never done unless on application for the purpose, on notice given to the client. Costs are recoverable by the parties to reimburse them for money necessarily expended in the prosecution or defense of the suit, and the decree or judgment is in favor of the party, not the solicitor or attorney. As between *Page 140 
a party and his solicitor it generally happens that the latter is entitled to all of the costs recovered, but that is only so because the solicitor's column contains fees for services rendered by him, and as to the columns for the court and others he is entitled to them for reimbursement, when he has paid them himself. * * * The matter of costs is adjustable between solicitors and clients."
Here the decree directs the defendants to pay the taxed costs to the complainant, and the present petition so alleges. The same decree orders the complainant to pay the sum of $1,945.01 to the defendants. The defaulting complainant in effect seeks a unilateral performance of the terms of the decree.
Lord Mansfield said: "That natural equity requires that cross demands should compensate each other by deducting the less sum from the greater, and that the difference is the only sum which can be justly due." If in such a manner the complainant collects the taxed costs, it may be that inter sese his solicitor is entitled to them.
The application on behalf of the complainant for a writ offieri facias to recover from the defendants its taxed costs in the circumstances of the present cause is denied.