93 N.J. Super. 96 (1966)
225 A.2d 19
MARILYN M. MORRISON, PLAINTIFF,
v.
JOHN C. MORRISON, JR., DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided December 5, 1966.
*98 Messrs. Evans, Hand, Evans, Allabough & Amoresano, attorneys, for plaintiff (Mr. William W. Evans, Jr. appearing).
Messrs. Clapp & Eisenberg, attorneys, for defendant (Mr. Jerome C. Eisenberg appearing).
KOLE, J.C.C. (temporarily assigned).
This matter originated on a complaint for a writ of habeas corpus by plaintiff mother to regain custody of her four children from their father, charging that he had unlawfully taken them from her home in North Carolina. Plaintiff and defendant are divorced. Defendant, who has remarried and resides in Glen Rock, New Jersey, filed an answer and counterclaim in which he sought custody of the children and such further relief as the court might grant. At the hearing of this matter he also raised the question of whether plaintiff's use of the habeas corpus procedure was proper.
After an emergency hearing held on September 2, 1966, I entered a judgment dated September 3, 1966, which did the following, among other things: (1) The writ of habeas corpus was discharged, since I was of the view that there was no need to determine whether or not the writ was the proper procedure for plaintiff to have used. Instead, I considered the complaint and the counterclaim as crossclaims for temporary and permanent custody of the children. (2) Temporary custody of the children was awarded to their mother forthwith, and the counterclaim was dismissed without prejudice to defendant's *99 right to seek custody of the children in the appropriate court in North Carolina. In effect, I held that since defendant had wrongfully taken the children out of the State of North Carolina without the consent of plaintiff, their then lawful custodian, and since all of the important contacts in the case were in that state, a New Jersey court, even though it had jurisdiction, should not exercise such jurisdiction over the matter of permanent custody in this case. (3) The judgment was stayed to permit defendant to apply to the Appellate Division for a stay pending appeal.
The Appellate Division denied a stay of judgment but the Chief Justice subsequently granted a temporary stay of judgment on September 7, 1966, until certain conditions were satisfied. (I assume they have been satisfied.) The latter order continued the award of temporary custody to plaintiff pending appeal and directed that the appeal be prosecuted in the Appellate Division.
Thereafter, on September 23, 1966 plaintiff filed an application in this court for costs and counsel fees. The application was made pursuant to a provision of the judgment entered by this court on September 3, 1966 to the effect that "plaintiff may apply for costs and expenses on 5 days' notice to defendant's attorneys, Clapp and Eisenberg." Since defendant has so represented, I will assume for the purpose of this opinion that a notice of appeal to the Appellate Division has been filed even though I have not been served with a copy of any such notice as required by R.R. 1:2-8(a).
Defendant first argues that the reservation in the judgment of plaintiff's right to apply for costs and expenses on notice is of no vitality since it violates R.R. 4:55-8. That rule provides that if, on the determination of a matter an allowance is made for legal services, the judgment stating that determination shall include the allowance. Defendant also argues that the term "costs and expenses" in the judgment does not include counsel fees.
My recollection is that defendant's counsel orally consented to the form of the judgment, including the reservation of the *100 right to move for costs and expenses. Since the issue of costs and expenses had never been passed on by the court and was set forth in the judgment as a subsequent procedural step, rather than a substantive finding, in the cause, it would appear that defendant, by his consent to the form thereof, has waived any objection to the incorporation of that provision in the order. Cf. State v. Farmer, 48 N.J. 145 (1966). In any event, R.R. 1:2-8(a) is not so restrictive as to prohibit the court from relaxing it in a proper case. Applestein v. United Board & Carton Corp., 35 N.J. 343, 355 (1961); Sarner v. Sarner, 38 N.J. 463, 470 (1962). Manifestly, this is a case where the rule should be relaxed, since the entire matter was heard on an emergency basis. The only issue before the court was whether the defendant properly could continue to have custody of the children he had spirited out of North Carolina from the custody of their mother. The only substantial and important question then to be determined was the one of their custody; the matter of costs, expenses and counsel fees was not even raised or of significance at that time, and was properly left to a later date for consideration. Again, it appears clear to me that the term "costs and expenses" was intended and does include counsel fees. See R.R. 4:55-7; Salvatore v. Salvatore, 73 N.J. Super. 373, 383 (App. Div. 1962). Cf. Pezzino v. Pezzino, 83 N.J. Super. 518, 525 (Ch. Div. 1964).
Defendant further contends that the court is without jurisdiction to award counsel fees or costs since the judgment is now on appeal in the Appellate Division and the appeal ousts the court of further jurisdiction to deal with the case.
The question of the extent to which an appeal from the judgment of a court divests that court of further jurisdiction over the case is not without difficulty. There is language in the cases which seems to indicate that once an appeal is taken, the court is divested of jurisdiction except as reserved by statute or rule. In re Plainfield-Union Water Company, 14 N.J. 296, 302, 303 (1954). R.R. 1:4-1 provides that the supervision and control of proceedings on appeal shall be in the appellate court from the time the appeal is taken "except *101 as otherwise provided in these rules." However, it further provides that the appellate court may entertain a motion at any time for directions to the court below to modify or vacate any order made by that court in relation to the prosecution of the appeal, including any order fixing or denying bail, or any order granting or denying a stay, or any order fixing or denying security. Conceivably, the rule may be interpreted as permitting the lower court to be involved only in such matters as granting or refusing a stay, bail or security, or correcting or otherwise dealing with the record on appeal  that is, the term "except as otherwise provided in these rules" refers to R.R. 1:4-6, 1:4-7, 1:4-8, 1:4-9, 1:6-2, 1:6-3 and 1:6-6, which concern the granting of stays, supersedeas bonds, statements in lieu of record and corrections in the record. These exceptions all concern matters which have a peculiar bearing on the subject matter of a case while it is on appeal. 1 N.J. Practice (Waltzinger), p. 61.
It is not clear whether the decided cases in this State and the rule would permit a trial court to grant counsel fees in a custody matter while the custody judgment is on appeal. Thus, R.R. 1:4-1 has been interpreted to bar a motion for a new trial while the case is on appeal. State v. Jacques, 86 N.J. Super. 386 (App. Div. 1965). The court, however, quoted R.R. 3:7-11, which states specifically that "if an appeal is pending the court may grant the motion [for a new trial] only on remand of the case." It has also been interpreted to bar modification and correction by the trial court of an earlier sentence which is being appealed. State v. Wimbush, 54 N.J. Super. 283 (App. Div. 1959).
In Oliver v. Oliver, 127 N.J. Eq. 367, 371 (E. & A. 1940), it was stated that where a case is on appeal from the Court of Chancery, the latter "retains jurisdiction in certain incidental matters notably in regard to preservation of the subject matter" of the appeal.
In Ashby v. Yetter, 78 N.J. Eq. 173 (Ch. 1911), cited by the Supreme Court in Plainfield-Union, supra, the Court of Chancery was faced with an application to appoint a receiver *102 to collect rents pending the determination of title to the premises in question. After reviewing numerous earlier cases, the court concluded that it had the power to appoint the receiver, "for it is perfectly clear that the appointment of a receiver would not destroy the subject of the appeal, but, on the contrary, would protect and conserve it." The court limited closely a prior decision in the Court of Errors and Appeals, Pennsylvania Railroad Company v. National Docks & N.J.J.C. Railway Co., 54 N.J. Eq. 647 (E. & A. 1896). The court, in fact, noted that other courts had limited the National Docks case to its facts. National Docks had stated:
"* * * the entire purpose and object of the appeal is to preserve such rights and property from the ill effects of the decision that is challenged. * * * In fine the very essence of the remedy by appeal is to prevent, for the time being, the appellant from this execution of the existing decree * * * A decree cannot be used detrimentally to the appellant pending appeal, for the plain reason that such a use will, for every practical purpose, defeat the appellate procedure." (at p. 653)
Ashby in effect limited this language to a situation where the action of the lower court would destroy or impair the subject of the appeal.
It would appear that Ashby laid down the following rules: (1) Pending an appeal from an order or decree of the Court of Chancery, application may be made to either the appellate court or the lower court for leave to execute the order of the latter court so far as may be necessary to preserve the subject matter of the appeal. (2) If the proceeding in Chancery after the cause is on appeal is one calling for a new step or proceeding in that court in aid of the order or decree appealed from (for the protection and preservation of the subject of the appeal), application for leave to so proceed must be made to the lower court since it invokes its original jurisdiction. (3) The lower court may take no action which would destroy or impair the subject of the appeal.
Since Ashby was cited by the Supreme Court in the Plainfield-Union case, the latter case could not have been intended *103 to hold that all jurisdiction was ousted from the lower court once the matter was on appeal. If a lower court may continue with an ordered accounting in a mortgage foreclosure case while the order is on appeal (Morton v. Beach, 56 N.J. Eq. 791 (E. & A. 1898), cited in Ashby), or appoint a receiver of rents (and, I assume award him fees) (Ashby, supra), certainly it should have authority to grant counsel fees in a matrimonial matter while it is on appeal.
Generally, a plaintiff mother in a custody action, just as the wife in any other matrimonial case, should be a favored suitor, as far as the award of costs and counsel fees are concerned where, as here, she had no substantial independent financial means. Indeed, even if her application for custody were unsuccessful, the court might, if the circumstances warranted, award her counsel fees. See Wheeler v. Wheeler, 48 N.J. Super. 184 (App. Div. 1957); Iovino v. Iovino, 58 N.J. Super. 138 (App. Div. 1959); Laurino v. Laurino, 28 N.J. Super. 119, 122 (App. Div. 1953); Oram v. Oram, 77 N.J. Eq. 1 (Ch. 1910); Hopson v. Hopson, 95 N.J. Eq. 540 (Ch. 1924). This is particularly so where, as here, she was compelled to undergo the expense of the proceedings by defendant's wrongful removal of the children from her custody. Cf. Schluter v. Schluter, 23 N.J. Super. 409, 418 (App. Div. 1952); Martindell v. Martindell, 21 N.J. 341, 356 (1956).[1] It may very well be that, without the award of counsel fees and costs, she may not be able properly to prosecute the case or she may be required to incur an unwarranted indebtedness in order properly to prosecute the same.
Moreover, the award of counsel fees and costs in a custody or other matrimonial action is collateral and supplemental to, and independent of, the subject matter of the appeal on the *104 custody issue and in no way would destroy or impair it. The general rule is that a trial court retains jurisdiction of the matter on appeal to make determinations collateral or supplemental to the judgment appealed from. 4 Am. Jur.2d, Appeal and Error, § 355 (1962). Thus, it has been held that an appeal does not deprive the trial court of jurisdiction to entertain a motion for alimony and counsel fees or suit money pending an appeal from a divorce decree, since these matters are collateral and independent of the subject matter of the appeal. 4 Am. Jur.2d, supra; Arndt v. Arndt, 331 Ill. App. 85, 72 N.E.2d 718 (App. Ct. 1947); Maxwell v. Maxwell, 67 W. Va. 119, 67 S.E. 379, 27 L.R.A., N.S., 712 (Sup. Ct. App. 1910). See also, Hatzenbuhler v. Harrison, 49 Wash.2d 691, 306 P.2d 745 (Sup. Ct. 1957).
Additionally, the award of such fees and costs may be made the subject of the pending appeal so that the appellate court may review the entire matter before it at one time. Thus, action by this court on the issue at this time would avoid fractionalizing this litigation and the appeal.
In any event, the judgment itself in this case may properly be construed as reserving to this court the jurisdiction to award costs and counsel fees pending appeal, since it expressly provides that plaintiff may apply for costs and expenses on five days' notice to defendant's attorney.
There is no doubt that a counsel fee may be awarded in a custody matter. Callen v. Gill, 7 N.J. 312, 321 (1951); Seitz v. Seitz, 6 N.J. Super. 65 (App. Div. 1949); Sheehan v. Sheehan, 51 N.J. Super. 276, 290 (App. Div. 1948), certification denied 28 N.J. 147 (1958). That the custody proceeding was initiated by habeas corpus should not change the rule or result in disallowing that portion of counsel's services relating to the habeas corpus procedure. Habeas corpus is a method by which a custody proceeding may be instituted. 11 N.J. Practice (Herr, Marriage, Divorce and Separation, 3d ed.), § 914, p. 225.
With respect to the amount of counsel fees and costs to be awarded, it appears from plaintiff's proofs that there *105 were actually disbursements of $105.20, which have been paid by plaintiff's father, R.E. Mastin. In addition, the latter has paid the sum of $1,000 to plaintiff's attorneys on account of the bill rendered to him in connection with the services of such attorneys in this case. Plaintiff's attorney has not stated, as R.R. 4:55-7(a) requires, what arrangements, if any, have been made for the payment of a fee to him in the future. I will assume that no further amount has been billed or will be billed to plaintiff or her father for the attorney's services in connection with the services already performed in this court.
Considering all of the factors which are to be considered in awarding counsel fees, including but not limited to the time and effort and the degree of success of plaintiff's attorney, as well as plaintiff's financial situation and defendant's ability to pay based on his income and assets (Salvatore v. Salvatore, 73 N.J. Super. 373, 381-382 (App. Div. 1962), I have concluded that plaintiff's attorney is entitled to a total counsel fee for his services of $1,750, plus the costs of this action to be taxed, which costs shall include the $105.20 of actual disbursements, but only to the extent that they are not duplicated by the taxed costs.
In determining the amount of the counsel fee, I have subtracted from the total number of hours which plaintiff's attorney testified that he put in, an aggregate of 27 hours relating to matters in connection with the stay of judgment in the appellate court. These should properly be the subject of an application for counsel fees in the appropriate appellate court. Sarner v. Sarner, 38 N.J. 463 (1962). This leaves a total of 53 hours to be compensated for. However, approximately half of these hours must also have been spent in connection with the related case of Stanley v. Morrison, involving the custody of the children of defendant's present wife. Under the circumstances, I believe the total sum of $1,750 to be a fair and reasonable fee.
Although there is some confusion in the language of the cases as to whether counsel fee and costs should be awarded to or belong to the attorney or the client (see Eufemio *106 v. McKeown, 10 N.J. Misc. 549, 159 A. 796 (Ch. Div. 1932); Flavell v. Flavell, 15 N.J. Misc. 167 (Ch. Div. 1937); Armour v. Armour, 138 N.J. Eq. 145, 162 (E. & A. 1946); Merewood, Inc. v. Denshaw, 142 N.J. Eq. 138 (Ch. Div. 1948); Lane v. Rushmore, 125 N.J. Eq. 310, 314 (E. & A. 1938); Columbia Ins. Co. v. Artale, 112 N.J. Eq. 505 (Ch. 1933)), it seems clear that, at least, where the attorney has been paid a fee and costs by or on behalf of his client, the basic purpose of allowing costs and counsel fees is to reimburse or indemnify the client for some of the expenses of the litigation. In re Katz, 40 N.J. Super. 103, 106 (Ch. Div. 1956). See also, 2 Kocher and Trier, New Jersey Chancery Practice and Precedents, § 1876, which states as follows:
"A decree should order taxed costs paid to the party to whose side the award is made, and not to the solicitor of that party, as costs are recoverable by the parties, to reimburse them for money expended in the prosecution or defense of a suit, although the solicitor may be entitled to all the costs recovered. This is a matter between him and his client * * *."
Moreover, the amendment of R.R. 4:55-7(a) on August 13, 1964, which requires the applicant for counsel fees in a matrimonial action to state how much she has paid or agreed to pay to her attorney for legal services, was intended to give the court latitude to determine whether the awarded counsel fee should belong to the attorney or should be reimbursed to the party in such an action. See 2A N.J. Practice (Waltzinger), 1965 pocket part, p. 30.
Under the circumstances, defendant will be required to pay the counsel fee and costs awarded to plaintiff. Plaintiff will be required to pay therefrom to her attorney the sum of $750 for his services in this court  in addition to the $1,000 he has already received  plus that amount of the taxed costs which exceeds the $105.20 already paid to such attorney.
An order embodying the foregoing conclusions should be prepared by counsel for plaintiff, consented as to form by counsel for defendant, and submitted to me within ten days from the date hereof.
NOTES
[1] Ashby, in quoting from Lawton v. Bedell, an unreported case, seems to indicate (78 N.J. Eq., at p. 184) that the lower court has no jurisdiction to award or enforce costs pending appeal. But the costs involved in Lawton are different from those in a matrimonial action, since, as indicated by the cited cases, in the latter type of action costs may even go in favor of the unsuccessful suitor in either the trial or appellate court.