265 N.J. Super. 333 (1993)
626 A.2d 1124
RICHARD A. CARLUCCI, PLAINTIFF,
v.
KATHLEEN M. CARLUCCI, DEFENDANT.
Superior Court of New Jersey, Chancery Division Family Part, Atlantic County.
Decided April 23, 1993.
*334 Mark Biel for plaintiff.
Seth Grossman for defendant.
*335 SELTZER, P.J.F.P.
These cross-applications arise in a post-judgment setting while some of the provisions of the final judgment of divorce are being considered by the Appellate Division. They require an initial determination of the extent to which R. 2:9-1(a) deprives a trial court of jurisdiction to resolve issues not directly involved on appeal. Both parties urge a trial court resolution, but recognize a general perception that an appeal deprives the trial court of all power to act. I conclude, despite that perception, that the trial court retains jurisdiction to determine matters not directly involved in the Appellate proceeding and, moreover, conclude that it is the trial court which initially decides if the matter presented to it is collateral to the Appellate proceeding.
Specifically, these parties contested an action which resulted in a final judgement of divorce entered on November 20, 1992. That judgement resolved issues of custody, visitation, equitable distribution and support. Cross-Appeals were filed although thereafter all appeals were dismissed with the exception of plaintiff's appeal of the custody provisions of the judgment. Those provisions awarded joint legal custody and named defendant as the primary physical custodian, rejecting plaintiff's request for alternating physical custody on a weekly basis. On March 16 and 22, 1993, while the appeal was pending, the parties filed cross motions seeking orders (1) requiring defendant to cooperate in enrolling the children in a specific summer baseball program, (2) prohibiting alienation of the children's affections by either party, (3) modifying visitation by decreasing the time plaintiff spent with the children, and (4) requiring participation in a counselling program. Before the issues may be decided substantively, a decision must be made as to my authority to consider them at all. I am satisfied that I have that authority.
My conclusion is based on considerations of interpretation and practicality. I begin with R. 2:1-9(a) which provides:
(a) Control Prior to Appellate Disposition. Except as otherwise provided by R.2:9-3, 2:9-4 (bail), 2:9-5 (stay pending appeal), 2:9-7 and 3:21-10(d), the supervision *336 and control of the proceedings on appeal or certification shall be in the appellate court from the time the appeal is taken or the notice of petition for certification filed. The trial court, however, shall have continuing jurisdiction to enforce judgments and orders pursuant to R.1:10 and as otherwise provided. The appellate court may at any time entertain a motion for directions to the court or courts or agencies below or to modify or vacate any order made by such courts or agencies or by any judge below.
The first sentence of the rule is ambiguous because it does not define the term "proceedings on appeal" over which the appellate court has exclusive control. That phrase may relate to the issues before the appellate court or it may relate to the captioned controversy from which the appealed issues arose. The term "proceeding" is itself ambiguous. In a general sense it embraces everything that occurs in the judicial progress of a suit; in a particular sense, it applies to a specific application for relief. Black's Law Dictionary, 1368 (4th Ed.Rev. 1968). See also Webster's Dictionary, 293 (1978) which defines the term generally as the carrying on of a case or action at law and specifically as a legal step or measure. Thus, if R. 2:9-1(a) uses the term "proceeding on appeal" generally, an appeal divests the trial court of all jurisdiction to decide issues in the captioned litigation from which the appeal arose including jurisdiction to deal with issues which are completely unrelated to the issues being considered by the appellate court. If, on the other hand, the rule uses the term in its specific sense, the trial court retains jurisdiction to deal with collateral issues.
The third sentence of the rule may remove some of the ambiguity. It provides that "the appellate court may at any time entertain a motion ... to modify or to vacate any order made ... by any judge below." While it is conceivable that the language refers to a motion made to amend or vacate orders entered in enforcement proceedings, it is much more reasonable to assume that it refers to orders made in proceedings unrelated to the appellate issues. This follows from the way in which the rule is constructed.
The rule vests control in the Appellate Division over "proceedings on appeal". By its terms, it does not apply to trial court *337 actions relating to bail, stays pending appeal, applications for temporary relief in administrative proceedings, or reconsideration of a criminal sentence. Each of those categories clearly relate to the issues pending before the Appellate Division but the rule exempts them from appellate control. The rule then continues to provide that the trial court may also act to enforce its orders (including, presumably, those on appeal) and "as otherwise provided". The phrase "as otherwise provided" cannot refer to areas specifically exempted (as are bail and stays) because those areas were just described as being the province of the trial court and not subject to the rule; it cannot refer to enforcement actions which are subject to the rule because those enforcement actions are additional to and, hence, distinct from, those areas "otherwise provided." It clearly suggests a class of proceedings between the same parties which are not "proceedings on appeal". This can only be a class of proceedings between the parties to the appeal but which do not involve the issues on appeal. It is in such areas that a motion for review may be brought in the pending appellate process without the necessity of filing a notice of appeal and proceeding pursuant to R. 2:5-1. From this, it follows that the trial court may make an order (in an unrelated area) which may be reviewed by the Appellate Division in this pending appeal.
Two trial court opinions have dealt with this issue and have reached contrary conclusions. Morrison v. Morrison, 93 N.J. Super. 96, 225 A.2d 19 (Ch.Div. 1966) considered an application for counsel fees made after an appeal of the underlying custody determination had been filed. The court concluded that the predecessor of R. 2:9-1(a), whose language was identical to the current rule, did not divest jurisdiction to hear matters which are "collateral to, and independent of, the subject matter of the appeal ... and (which) in no way would destroy or impair it". 93 N.J. Super. 96, 103-104, 225 A.2d 19.
D'Atria v. D'Atria, 242 N.J. Super. 392, 576 A.2d 957 (Ch.Div. 1990) involved a post-judgment application for relief which dealt with issues not specifically addressed in the Final Judgment of *338 Divorce which was before the Appellate Division and which apparently would not affect the issues presented there at the time of application. The trial court felt that R. 2:9-1(a) and considerations of "comity" required the trial court to defer action, at least until directed to do so by the Appellate Division. 242 N.J. Super. 392, 405, 576 A.2d 957.
The Morrison analysis appears in accord with the general rule accepted by the overwhelming majority of jurisdictions to consider the issue. The general rule has been formulated as follows:
As a general rule the perfection of an appellate proceeding, whether by appeal, writ of certiorari, writ of error, or bill of exceptions, transfers to the appellate court exclusive jurisdiction of the matters sought to be reviewed, and the trial court cannot do anything which will adversely affect the power of the appellate court to review, affirm, reverse, or modify the order, judgment, or decree appealed from. On the other hand proceedings for review do not ordinarily affect the trial court's jurisdiction as to matters collateral to the subject of the appeal ... Annotation, "Trial court's jurisdiction as to alimony or maintenance pending appeal of matrimonial action," 19 A.L.R.2d 703, 709 (1951).
In the absence of a contrary statute, the rule is overwhelmingly accepted. Barran v. Roden, 263 Ala. 305, 82 So.2d 398 (1955); Bleidt v. 555, Inc., 253 Ark. 348, 485 S.W.2d 721 (1972); Hunter v. Hunter, 155 Colo. 516, 395 P.2d 604 (1964); Bailey v. Bailey, 392 So.2d 49 (Fla. Dist. Ct. App. 1981); Swindle v. Swindle, 221 Ga. 760, 147 S.E.2d 307 (Ga. 1966); Shapiro v. Shapiro, 113 Ill. App.2d 374, 252 N.E.2d 93 (1969) citing Arndt v. Arndt, 331 Ill. App. 85, 72 N.E.2d 718 (1947) rev'd on other grounds, 399 Ill. 490, 78 N.E.2d 272 (1948); Matter of Estate of Tollefsrud, 275 N.W.2d 412, 418 (Iowa 1979) (appeal does divest jurisdiction over unrelated issues); Carpenter v. Carpenter, 129 So.2d 471 (La. Ct. App. 1961); Cousin v. Cousin, 327 So.2d 138 (La. Ct. App. 1976); Kirsner v. Edelmann, 65 Md. App. 185, 499 A.2d 1313, 1317 (1985) (lower court may act as to issues not on appeal); Lewis v. Lewis, 219 Md. 313, 149 A.2d 403 (1959); Wormington v. City of Monett, 358 Mo. 1044, 218 S.W.2d 586 (1949); Overton v. Overton, 178 Neb. 267, 133 N.W.2d 7 (1965); Turner v. Turner, 330 P.2d 371 (Okla. 1958); Rutledge v. Rutledge, 196 Tenn. 438, 268 S.W.2d 343 (1954); Peters v. Peters, 15 Utah 2d 413, 394 P.2d 71 (1964); Hatzenbuhler v. Harrison, 49 *339 Wash.2d 691, 306 P.2d 745, 751 (1957); State ex rel. Freeman Printing Co. v. Luebke, 36 Wis.2d 298, 152 N.W.2d 861 (1967) (an appeal from a final judgment removes complete case from trial court; appeal from a part of final judgment removes the part appealed from); Westinghouse Elec. Mfg. Co. v. Barre & Montpelier T. & P. Co., 97 Vt. 306, 123 A. 201, 204-205 (1924); 4 Am.Jur.2d Appeal and Error 355; 4A C.J.S. Appeal and Error 618.
The logic which underlies this rule, of course, recognizes that an application which does not seek to modify the order or judgment appealed is, for all practical purposes, a new case and should be so treated for all legal purposes. This is clear when two litigants involved on an appeal become embroiled in a separate and distinct controversy. In such a situation, no one would suggest that the pending appeal would preclude the filing of a new case. Nevertheless, it is not the new docket number, but the distinct issues raised which make the second action "new".
In other situations, a new issue may arise under the same docket number given to a completely different issue. This is particularly true of the Family Part which routinely uses the same docket number to encompass completely separate issues which may, in fact, arise after lengthy intervals. In those situations, attention must be paid to the issue presented rather than the docket designation under which the new issue is filed. The analysis, however, is the same.
If the new issue does not have the capacity to affect (i.e. render moot) the pending appeal, it is a "new case" and the pending appeal (of an unrelated "case") does not preclude the trial court from considering the "new case". This analysis leads to the general rule as set out previously. Given this analysis, the new action is presented first to the trial court which must decide if the issue presented affects the issues on appeal or if it is collateral to them. The term "affect" should be read to require a determination if the result on the new issue would render the appeal moot. This should be a relatively simple process requiring only a comparison *340 of the Notice of Appeal and the pending application. If either party believes the trial court has erred in that initial decision, a motion may be made pursuant to the last sentence of R. 2:9-1(a) to modify or vacate that order.
It is axiomatic that any departure from accepted principles should be done unambiguously and no intention to change a long established rule will be found absent a clear manifestation. Cf. Calabro v. Campbell Soup Co., 244 N.J. Super. 149, 581 A.2d 1318 (App.Div. 1990) aff'd 126 N.J. 278, 597 A.2d 83 (1991). Since R. 2:9-1(a), at the least, is ambiguous, I assume it meant to codify the long accepted principle of retained jurisdiction.
There are cases, it is true, which suggest that an appeal divests the lower court of all jurisdiction. On examination, however, those cases deal with applications to the trial court which directly affect the issues on appeal and which have the capacity to render any appellate decision moot. Sturdivant v. General Brass & Machine Corp, 115 N.J. Super. 224, 279 A.2d 110 (App.Div. 1971) cert. denied, 59 N.J. 363, 283 A.2d 107 (1971), for example, dealt with an application to the trial court to return warrants of satisfaction to the appellant while it prosecuted an appeal. Clearly, the warrant affected the appeal (and would have mooted it by vacating the judgment appealed). Accordingly, the trial court was without jurisdiction to deal with that issue.[1]
Similarly, Kohn's Bakery Inc. v. Terracciano, 147 N.J. Super. 582, 371 A.2d 789 (App.Div. 1977) involved an application for reconsideration which, obviously, would have mooted the appeal by changing the terms of the judgment appealed had it been granted. Because the new motion had a direct affect on the appealed issues, the trial court was without jurisdiction to decide it. See also North Bergen Action Group v. Planning Board, 122 N.J. 567, 585 A.2d 939 (1991) (appeal of Law Division reversal of zoning variance *341 precludes proceeding before municipal agency); Rolnick v. Rolnick, 262 N.J. Super. 343, 621 A.2d 37 (App.Div. 1993) (modification of judgment precluded by appeal); Learn v. City of Perth Amboy, 245 N.J. Super. 577, 586 A.2d 327 (App.Div. 1991) (appeal of denial of defense summary judgment motion precludes trial before an appellate decision); Anzalone v. Anzalone Brothers Inc., 185 N.J. Super. 481, 449 A.2d 1310 (App.Div. 1982) (trial court is without authority to permit filing of joint appellate brief); Stern v. Stern, 196 N.J. Super. 540, 483 A.2d 814 (App.Div. 1984) (appeal divests jurisdiction to vacate order appealed); Burcam Corp. v. Planning Bd. Tp. of Medford, 168 N.J. Super. 508, 403 A.2d 921 (App.Div. 1979) (appeal of entire Planning Board decision precludes consideration of additional conditions imposed by Board); Muschette v. Gateway Ins. Co., 149 N.J. Super. 89, 373 A.2d 406 (App.Div. 1977) (motion to set aside judgment precluded by appeal).
Interestingly, enough, those opinions considering post-appeal applications to the trial court which do not affect the appeal, either do not consider the jurisdictional issue or deal with it in non-absolute terms. Schaeffer v. Schaeffer, 184 N.J. Super. 423, 446 A.2d 537 (App.Div. 1982) involved an appeal from a final judgment of divorce which dealt with equitable distribution, custody and support. The sole issue on appeal was the propriety of the trial court's decision that $71,000 of the husband's pre-marital property be returned to him. While that appeal was pending, the husband applied to the trial court for a modification of another portion of the judgment so as to require the sale of the home as a result of the wife's remarriage. This issue clearly was independent of the issues raised on the appeal since the husband's entitlement to pre-marital assets was independent of the time at which the home was sold. The trial court decided the issue and an appeal from that decision was taken. The Appellate Division decided the second appeal without even suggesting that the trial court lacked jurisdiction to decide the modification issue by virtue of the pending appeal. The clear inference is that an application which does not affect issues on appeal may be made to the trial court. Cf. *342 Englewood Cliffs v. Englewood, 257 N.J. Super. 413, 481, 608 A.2d 914 (App.Div. 1992) which implies that no appellate involvement is needed for trial court action as to issues which have no "commonality with the issues on appeal".
Similarly, Neger v. Neger, 93 N.J. 15, 459 A.2d 628 (1983) involved trial court custody modifications while the Appellate Division was considering the authority of New Jersey courts to enter any such order. Clearly, the trial court opinion might be argued to relate to the appellate decision. However, another argument might be made to the effect that the pendente lite custody does not affect a decision on the authority of a court to enter a custody order nor would it render any such decision moot. The Supreme Court in discussing the jurisdictional issue noted that orders entered after the appeal was filed "are questionable". If the lower court's jurisdiction to decide any issue between parties involved in an appeal was pre-empted, the orders would be void and not merely questionable. Although the Supreme Court ultimately vacated the orders, it did so on substantive and not jurisdictional grounds.
This construction  requiring the trial court to make an initial determination as to the relationship of the appeal to the new application  is supported as well by practical considerations. The first such consideration relates to time. The proposed construction envisions an application to the trial court which decides jurisdiction. If the trial court finds the new application unrelated to the appeal, it assumes jurisdiction and decides the issue. If any party believes the jurisdictional issue was decided incorrectly, a motion, pursuant to the last sentence of R. 2:1-9(a) can achieve rapid appellate review. Contrast that to the result of a different construction of the Rule. Any application, however unrelated to the pending appeal would require a motion in the Appellate Division (which does not have regularly scheduled motion days); if the matter is remanded, it would require a new filing and scheduling below. The organizational structure of the trial court provides for an immediate response which is organizationally difficult in the *343 Appellate Division. This is especially important in The Family Part where the dislocation caused by a complete divestiture of jurisdiction upon filing of an appeal has been previously noted. State In The Interest of S.T., 233 N.J. Super. 598, 559 A.2d 861 (App.Div. 1989); D'Atria, 242 N.J. Super. at 406 n. 13, 576 A.2d 957. The interpretation utilized here avoids those problems with no corresponding disadvantage.
A second and equally important consideration is that the proposed construction provides the Appellate Division with a record and the benefit of the trial court's reasoning as to both the jurisdictional and the substantive decision. Clearly, the Appellate Division would be without either if it were called upon to make the initial decision as to which court should hear the application.
Moreover, there can be no suggestion that trial judges will seek to exercise authority over appellate issues. Such a suggestion would not recognize the reality that there is more than enough work to be done by the trial bench without seeking more, would improperly denigrate the trial bench by suggesting an expected failure to apply the law, and fail to recognize that an incorrect exercise of jurisdiction may be corrected by application to the appellate court (to which a record may be presented).
When the principles are applied to the current applications, it should be clear that I can and should decide them all. Certainly, my order directing participation in a summer baseball league, or prohibiting the parties from alienating the affection of the children or requiring the parties to attend counseling cannot touch in any way the prior judgment establishing legal and physical custody let alone render an appellate consideration of the judgment moot. (I do note that the facts alleged on these applications might suggest that the judgment was improper, but the Appellate Division does not consider post judgment circumstances in determining if the judgment was supported by the proofs adduced at the trial. Thus, absent a motion for modification of custody  and these three requests do not constitute such a request  nothing decided will affect the appeal.)
*344 The fourth request appears to impact the appeal, but closer examination shows that it does not. The appeal does not attack the visitation schedule; it argues only that the physical custody of the children should be alternated weekly and the failure to do so was error. If the current application sought to increase plaintiff's visitation so that he shared physical custody equally, I would lack jurisdiction (because if that application were granted, it would be equivalent to an Appellate Division reversal of the original denial of shared custody). Since it does not seek such a result, it does not affect the Appellate Division decision. Similarly, if the appeal included a claim that the visitation schedule set out in the final judgment was improper, I would have no jurisdiction to modify it. The propriety of the visitation schedule, however, is not on appeal. The claim here is that changed circumstances require a changed schedule. Accordingly, there is no impediment to modifying the schedule to reduce Plaintiff's physical custody. I also note that if any party is aggrieved by the substantive result, relief may be sought by way of motion in the Appellate Division.
In short, I am satisfied that these applications cannot affect, impair or destroy the subject matter of the appeal. They are, in fact, functionally equivalent to a new action. Accordingly, I will exercise jurisdiction and decide them in accordance with the tentative decision rendered at the time of oral argument. Plaintiff's attorney should submit an appropriate order.
NOTES
[1] On the other hand, it is not clear why the application could not have been considered as a request for a stay of the judgment, in which case the lower court would have had jurisdiction.