753 A.2d 147 (2000)
332 N.J. Super. 195
Jacqueline McNAIR, Plaintiff-Respondent,
v.
Paul M. McNAIR, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted June 7, 2000.
Decided June 21, 2000.
Edward J. Crisonino, Cherry Hill, for defendant-appellant.
*148 Jacqueline McNair, plaintiff-respondent pro se.
Before Judges KESTIN and STEINBERG.
The opinion of the court was delivered by KESTIN, J.A.D.
After we affirmed the trial court's April 24, 1998 order setting child support arrearages due from defendant, including reimbursement for medical insurance coverage for the parties' child, plaintiff moved for enforcement. The motion was granted on September 8, 1999, including a requirement that $20,760.77 be paid for the medical insurance reimbursement. The instant appeal represents defendant's challenge to the time provisions of that order, i.e., according to the notice of appeal, "[t]he time within which defendant is required to pay plaintiff the sum of $20,760.77, for medical insurance premiums, and $9,919.79 towards child support arrears and the time within which defendant has to pay plaintiff the sum of [$1,015] by September 30, 1999."
On a subsequent enforcement application, on March 30, 2000, defendant presented the trial court with a copy of a letter plaintiff had written to the court, dated June 19, 1998, in which, with commendable candor, she acknowledged that she had miscalculated the medical insurance reimbursement due her by mistakenly including the full premium of the family coverage which she had acquired. She stated that if the cost attributable to her own coverage was subtracted, the amount ascribable to the child was $13,896.23. She requested the issuance of an amended order to reflect the reduced amount. The trial court judge has summarized these facts in a letter to the Clerk of the Appellate Division dated March 30, 2000, noting that he had never before seen plaintiff's June 19, 1998 letter.
In the judge's letter, which we treat as an amplification of his disposition pursuant to R. 2:5-1(b), he states that he lacks jurisdiction to modify the September 8, 1999 order because of the pending appeal, although he recognizes that the reimbursement amount must be reduced. Plaintiff, in a pro se brief on appeal, concedes that the trial court order should be modified to reflect the corrected amount, but urges that it should be enforced in every other particular. We have been given no reason by defendant to vacate any provision of the order, aside from the need to modify the one term. The only argument defendant advances on appeal is that "the trial court's order is against the weight of the evidence" because of the conceded discrepancy.
We remand to the trial court for the entry of a modified order reflecting the correct amount of the medical insurance reimbursement owed by defendant to plaintiff. In all other respects the terms of the enforcement order are affirmed. On remand, the trial court retains discretionary power to make additional equitable determinations, such as the assessment of interest against defendant on all or any portion of the amount due from the time payment was first ordered, or any other measures that the trial court deems appropriate to achieve a just result. In the absence of a stay granted, defendant's obligations to perform as the order required were not suspended because an appeal was filed. See D'Arc v. D'Arc, 175 N.J.Super. 598, 601, 421 A.2d 602 (App.Div.), certif. denied, 85 N.J. 487, 427 A.2d 579 (1980), cert. denied, 451 U.S. 971, 101 S.Ct. 2049, 68 L.Ed.2d 350 (1981). It may be that the trial court will determine that, in the circumstances prevailing, defendant should not be permitted to have evaded without recourse timely discharge of his ordered obligations, especially those no longer in dispute, by reason of his appeal from particular terms.
We disagree with the trial court judge that, because of the pendency of this appeal, he was without jurisdiction to correct *149 an obvious or acknowledged error in the order under appeal. Unquestionably, as a general rule, once an appeal is filed, the trial court loses jurisdiction to make substantive rulings in the matter. See Rolnick v. Rolnick, 262 N.J.Super. 343, 365-66, 621 A.2d 37 (App.Div.1993). The rules of court nevertheless confer authority upon the trial court to continue to deal with the matter in limited ways. The trial court, for example, has continuing jurisdiction to enforce judgments and orders notwithstanding that they are being challenged on appeal. R. 2:9-1(a); see also R. 1:10. It makes sense that such a power must include the authority, whether or not in the context of an enforcement proceeding, to correct a conceded error in the order or judgment, see R. 1:13-1, even when the error originated in a party's miscalculation during the proof stage, see R. 4:49-2.
It may be that correction of such an error will render an appeal moot in whole or in part. If that is so, a simple motion before us will suffice to dismiss the appeal or modify its scope. This is, on the whole, a more efficient and less time-consuming procedure than requiring the parties to move before us for a temporary remand, followed by their return to the trial court for the conceded correction, and then returning to us for the mootness determination.
The matter is remanded to the trial court for the entry of a corrected order and for such other relief as may be warranted.