809 A.2d 199 (2002)
355 N.J. Super. 89
Tina KIERNAN, Plaintiff Respondent,
v.
Thomas KIERNAN, Defendant Appellant.
Superior Court of New Jersey, Appellate Division.
Argued October 7, 2002.
Decided November 14, 2002.
*200 Richard Outhwaite, Springfield, argued the cause for appellant (Elliot H. Gourvitz, attorney; Mr. Outhwaite, of counsel and on the brief).
Judith A. McDermott, Bethesda, MD, argued the cause for respondent (Gerri Gomperts, attorney; Ms. McDermott, on the brief).
Before Judges PETRELLA, BRAITHWAITE[1] and PARKER.
The opinion of the court was delivered by PETRELLA, P.J.A.D.
Defendant Thomas Kiernan appeals from Judge Whitken's refusal to reconsider various matters in a divorce action. The judge refused such reconsideration essentially because Mr. Kiernan's attorney had filed a notice of appeal, and then sought, by motion dated June 14, 2001, and originally returnable on July 20, 2001, to have his motion for reconsideration heard. Although the judge amended the May 30, 2001 Dual Judgment of Divorce based on a mistaken mathematical calculation, he concluded that because the underlying divorce action was on appeal he lacked jurisdiction to hear the reconsideration motion. See R. 2:9-1(a). His oral ruling of September 7 was formalized in a September 28, 2001 order.
We inquired at oral argument and verified that after the reconsideration motion was denied on jurisdictional grounds, defendant did not file a motion in the first appeal (A-5976-00) for a partial remand to allow the trial judge to address the numerous issues raised in the motion for reconsideration. See R. 2:9-1(b). He did file a motion for a remand on an alimony issue on July 30, 2001, in the then underlying divorce appeal[2] which we granted on *201 August 22, 2001. The motion papers for that remand are not in the record of this appeal. Obviously, counsel knew the rules allowed a motion for a temporary remand and utilized it in the first appeal.
Moreover, R. 2:9-1(a) not only states that although the trial court has "continuing jurisdiction to enforce judgments and orders pursuant to R. 1:10 and as otherwise provided," it also contains the following sentence:
The appellate court may at any time entertain a motion for directions to the court or courts or agencies below or to modify or vacate any order made by such courts or agencies or by any judge below.
However, no remand request was made to us under either subsection a or b of R. 2:9-1 regarding defendant's separate reconsideration motion which is the subject of the second appeal (A-919-01). A remand is more likely to be obtained at an early stage of an appeal. The cited rule contemplates jurisdiction in the trial courts after an appeal is filed for enforcement of orders and judgments or other actions that are specifically authorized. We do not find the language of R. 2:9-1(a) ambiguous in any way, as did Carlucci v. Carlucci, 265 N.J.Super. 333, 335-344, 626 A.2d 1124 (Ch.Div.1993).
Defendant broadly argues that the trial court did have jurisdiction to rule upon his reconsideration motion because the areas that he sought reconsideration of assertedly did not relate to the subject of the appeal. If in fact this assertion was correct, and if there was a significant error in the judgment, then there are still ample provisions in the rules governing appeals that allow for a temporary remand. Moreover, the filing of a timely motion for reconsideration before a notice of appeal is filed would toll the time for taking of the appeal until the motion was decided. See R. 2:4-3(e).
Defendant's motions for reconsideration in this case sought to challenge various aspects of the divorce judgment regarding credits, equitable distribution and the like. Simply put, we do not consider appropriate such applications for broad challenges to the judgment in a motion for reconsideration while an appeal is pending without a remand order. The usual challenge to a judgment is by appeal. Indeed, if in fact those provisions of the judgment of divorce were somehow not implicated under the broad penumbra of the alimony, support, equitable distribution or custody provisions because the notice of appeal somehow did not cover it, then defendant could have sought, on motion, to amend the notice of appeal as to such issues.
Principles of judicial economy militate against constant reconsideration motions while an appeal is pending with the concomitant effect of producing additional orders which may be subject to further appeal or cross-appeal by either party. Nor is a motion for reconsideration of a final judgment a device to raise a separate and distinct issue, whether or not it addresses an area not covered by the judgment. Morey & Morey v. Borough of Wildwood Crest, 18 N.J.Tax 335, 341 (App.Div.1999) (court will only hear new information on reconsideration if such information could not have been provided on first application); In re Fleming, 290 N.J.Super. 195, 203, 675 A.2d 655 (App.Div.1996) (if allow rehearing for new issues, then order would be subject to reopening). Such an approach could open up a judgment to endless motions while an appeal is pending, rendering each ruling subject to a new *202 appeal. A case should be tried once to conclusion on all issues.
In this case the judge, on defendant's application, did address simple mathematical errors. A court can do that at any time without even the necessity of a formal motion when such an error is brought to its attention. R. 1:13-1 (clerical mistakes in judgments may be corrected by the court on its own initiative). See McNair v. McNair, 332 N.J.Super. 195, 199, 753 A.2d 147 (App.Div.2000); Ledezma v. A & L Drywall, 254 N.J.Super. 613, 619, 604 A.2d 169 (App.Div.1992).
We reject defendant's reliance on two Family Part cases which skirted the jurisdictional rule, i.e., Carlucci v. Carlucci, supra (265 N.J.Super. at 335-344, 626 A.2d 1124) (trial court's order regarding specific custody disputes, including directing participation in baseball league, does not affect Appellate Division's consideration of judgment concerning issues of custody, visitation, equitable distribution and support), and Morrison v. Morrison, 93 N.J.Super. 96, 102-104, 225 A.2d 19 (Ch. Div.1966) (trial court had jurisdiction to award attorney fees and costs despite pendency of appeal from child custody judgment). Indeed, both cases are distinguishable because they addressed claims which were clearly collateral to and did not affect the child custody issues in the pending appeal and therefore, the trial court exercised jurisdiction. In the present case, defendant raises numerous claims on reconsideration related to credits and equitable distribution. In contrast, the Carlucci trial court only addressed a limited number of issues regarding child custody. Unlike defendant's reconsideration claims, custody orders are always subject to change to protect the best interests of the child. See Borys v. Borys, 76 N.J. 103, 111-124, 386 A.2d 366 (1978) (because custody judgments are based on continuing relationships and always subject to changed conditions, full faith and credit clause does not require a foreign custody degree to be given conclusive effect by sister state). Moreover, Morrison dealt with the discrete issue of counsel fees which had been reserved in the order for judgment. Technically, the matter was interlocutory when appealed. In any event, to the extent Carlucci conflicts with our determination, we disapprove of its ruling.
We are of the view that D'Atria v. D'Atria, 242 N.J.Super. 392, 402-403, 576 A.2d 957 (Ch.Div.1990), correctly outlines the procedural approach. A litigant cannot effectively open up the entire divorce proceedings or revise the judgment while an appeal is pending without having sought from the appellate court a remand with direction to the trial court to allow, if necessary, any changed determination to be incorporated in the pending appeal. Again, judicial economy dictates this result. To the extent Carlucci and Morrison conflict with our determination, we disapprove of their rulings.
Defendant also relies in part on the last sentence of a comment to R. 2:9-1(a), which we mention hereafter. The relevant provisions are quoted herein.
Except to the extent of enforcement and except as otherwise expressly provided for by rule, the ordinary effect of the filing of the notice of appeal is to deprive the court below of jurisdiction to act further in the matter under appeal unless directed to do so by the appellate court. See Manalapan Realty v. Township Committee, 140 N.J. 366, 376, 658 A.2d 1230 (1995); Sturdivant v. General Brass & Machine Corp., 115 N.J.Super. 224, 227, 279 A.2d 110 (App.Div.) certif. denied, 59 N.J. 363, 283 A.2d 107 (1971);.... Clearly then, the trial court does not have jurisdiction pending appeal to entertain a new trial motion. *203 Dinter v. Sears Roebuck & Co., 278 N.J.Super. 521, 527, 651 A.2d 1033 (App. Div.), certif. denied, 140 N.J. 329, 658 A.2d 728 (1995). Nor may it entertain a post-arbitration motion for dismissal. (citation omitted). The trial court does, however, by analogy to R. 1:13-1, have the authority, pending appeal, to correct errors in calculations set forth in a judgment stipulated by the parties. McNair v. McNair, 332 N.J.Super. 195, 199, 753 A.2d 147 (App.Div.2000). Appellate litigants should, however, be aware of their recourse to a motion to the appellate court for a limited remand to the trial court pending the appeal where consideration of a particular issue by the trial court will enable full resolution of the controversy by the appellate court or is necessary to deal with an essential matter implicating the issues on appeal arising after the notice of appeal is filed. (emphasis added) (citation omitted).
[Pressler, Current N.J. Court Rules, comment on R. 2:9-1(a), pp. 609-610 (2003).]
The comment to subparagraph (a) in the 2003 edition ends with the following sentence and a citation to Carlucci:
It should be noted that the trial court's jurisdiction over matters between the litigants not implicated in the appeal is unaffected thereby.
Our disapproval of Carlucci also encompasses our disagreement with a broad interpretation of that comment to R. 2:9-1(a). We find no error in the trial judge's ruling in this case.
Plaintiff filed a protective cross-appeal from the dismissal of her cross-motion in opposition to defendant's motion for reconsideration. The application was filed provisionally in the event that defendant's motion was heard. In light of our determination, we dismiss the cross-appeal.
Affirmed.
NOTES
[1] Judge Braithwaite did not participate in oral argument. However, the parties consented to his participation in the decision.
[2] The notice of appeal (dated June 29, 2001) from various aspects of the final judgment of divorce was filed on July 10, 2001, in docket number A-5976-00. After oral argument we reviewed the docket entries in A-5976-00 and learned of the temporary remand motion. Defendant was thereafter notified by the clerk of the court on January 23, 2002 that his brief in A-5976-00 would not be filed because of deficiencies. He was informed that if not corrected within fifteen days the appeal was subject to dismissal. The clerk's office also inquired about the status of the remand which had previously been granted. Apparently, the appeal in A-5976-00 has now been reinstated.