**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1275-18T3

DAVID ANDERSON,

    Plaintiff-Appellant,

v.

MELISSA BURTON,

    Defendant-Respondent.

_____

> Argued telephonically June 30, 2020 –
> Decided July 28, 2020
>
> Before Judges Messano and Rose.
>
> On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Somerset County, Docket No. FM-18-0959-13.
>
> David Anderson, appellant, argued the cause pro se.
>
> Marlyn E. Quinn argued the cause for respondent.

PER CURIAM

    In our recent unpublished opinion, we rejected all issues raised by plaintiff

David Anderson and affirmed the final judgment of divorce (FJOD) entered by

the Family Part in 2017, dissolving plaintiff's marriage to defendant, Melissa Anderson, now known as Melissa Burton. Anderson v. Anderson, Nos. A-922-17; A-4025-17 (App. Div. May 28, 2020) (slip op. at 21). In a separate appeal filed while the first was pending, we also rejected plaintiff's challenge to two post-judgment orders, entered in March and April 2018, that enforced his alimony obligations and denied plaintiff's subsequent motion for reconsideration and other relief. Id. at 27–28. In this latest appeal, filed while the other two appeals were still pending, plaintiff challenges certain provisions of the Family Part's October 5, 2018 order (the October order), resulting from plaintiff's motion for a stay and to reconsider an earlier September 4, 2018 order (the September order), and defendant's cross-motion.[1]

---

[1] Plaintiff's notice of appeal only seeks review of the October order. "[I]t is only the orders designated in the notice of appeal that are subject to the appeal process and review." Petersen v. Meggitt, 407 N.J. Super. 63, 68 n.2 (App. Div. 2009) (quoting W.H. Indus., Inc. v. Fundicao Balancins, Ltda, 397 N.J. Super. 455, 458 (App. Div. 2008)). Therefore, where a notice of appeal designates only the order denying reconsideration, and not the order of which reconsideration was sought, that original order "is not before us for review," and we address only the order denying reconsideration. Fusco v. Bd. of Educ. of Newark, 349 N.J. Super. 455, 461–62 (App. Div. 2002). Here, during court proceedings that resulted in the October order, the judge invited plaintiff to address the issues raised by the earlier September 4, 2018 enforcement hearing. We exercise our discretion and address all the issues plaintiff now raises.

We detailed much of the history of the parties' relationship in our prior opinion and we need not repeat it here. In September 2018, probation initiated an enforcement action based on a May 2018 order that required plaintiff to furnish monthly financial disclosure statements and pay one-third of his net monthly income to probation, so it could apply those payments to more than $40,000 in support arrears plaintiff then owed. Although the May 2018 order suspended further enforcement for six months, it also provided that probation could resume enforcement without further order of the court if plaintiff failed to comply. Hence, the September enforcement hearing was premised upon plaintiff's alleged failure to provide financial information to probation and to make payments based upon his net income.

The hearing officer referred the matter to Judge John P. McDonald. Defendant was represented by counsel; plaintiff appeared pro se. Judge McDonald ordered plaintiff to provide probation and defense counsel with "a complete accounting of all financials . . . within [ten] days." In addition, pursuant to the FJOD, when plaintiff received Supplemental Security Income (SSI) benefits on behalf of the parties' young daughter in the future, he was to split them with defendant, since the parties had joint custody of the child. Judge McDonald concluded that plaintiff had not paid defendant her share since he

3

began receiving the $1029 per month benefit several months earlier.[2] The judge ordered plaintiff to change the direct deposit of the benefits from his account to defendant's account within ten days. Judge McDonald ordered that any two future missed payments to probation by plaintiff would result in the issuance of an arrest warrant, and he also ordered a further review in October.

Plaintiff filed a motion for reconsideration and sought to stay two provisions of the September order. Specifically, plaintiff sought a stay of the requirement that he change the direct deposit of SSI benefits until we rendered our decision in his appeal of the FJOD. Plaintiff also sought a stay of a warrant for missed payments, and modification of the September order "to specify that no minimum payment is due," and that plaintiff only be required to file monthly financial reports.

After considering oral argument, Judge McDonald entered the October order, along with a comprehensive written statement of reasons in support, which we discuss as necessary below. The judge denied plaintiff's request for a stay of the SSI payment modification provision, and he granted as modified defendant's request to be named the child's representative payee and receive SSI

_____

[2] Plaintiff did not dispute either the receipt of the benefits or that he had not paid any of them to defendant.

payments directly. Judge McDonald also granted as modified defendant's request to have plaintiff transfer all monthly SSI payments to probation to offset child support and spousal support obligations and arrears. The judge also denied plaintiff's request for a stay and modification of the two-missed-payments-warrant-to-issue provision in the September order.

Before us, plaintiff argues the enforcement hearing that led to the September order resulted from a misrepresentation by probation, i.e., that he was to supply monthly financial information to probation, rather than defense counsel, and that he had complied with the earlier May order. He further contends that Judge McDonald erred by including the two-missed-payments-warrant-to-issue provision because the judge failed to hold an ability to pay hearing and made no findings regarding plaintiff's current financial circumstances. Plaintiff further argues Judge McDonald lacked jurisdiction to order modification of allocation of the SSI benefits while plaintiff's appeal from the FJOD was pending. Lastly, plaintiff claims Judge McDonald left unanswered the future disposition and crediting of SSI benefits.

We reject these contentions, primarily for the reasons expressed by Judge McDonald, and affirm.

A-1275-18T3

Initially, plaintiff is mistaken that the judge lacked jurisdiction to modify disposition of the SSI payments because plaintiff's appeal from the FJOD was pending. As Judge McDonald noted, Rule 2:9-1(a) specifically states, "[t]he trial court . . . shall have continuing jurisdiction to enforce judgments and orders pursuant to R. 1:10 and as otherwise provided." See Kiernan v. Kiernan, 355 N.J. Super. 89, 91 (App. Div. 2002) ("The . . . rule contemplates jurisdiction in the trial courts after an appeal is filed for enforcement of orders and judgments or other actions that are specifically authorized."). Plaintiff's argument deserves no other discussion. R. 2:11-3(e)(1)(E).

In addressing plaintiff's argument that the September order resulted from a mischaracterization of his reporting obligations under the earlier May order, Judge McDonald noted that plaintiff failed to include the May order in his motion papers, in violation of Rule 5:5-4(a)(3), which provides that all motions for modification of a prior order have "a copy of the order or judgment sought to be enforced, modified or terminated . . . appended to the pleading filed in support of the motion." More importantly, we have now had the opportunity to review both the May order and a transcript of the proceedings that led to its filing. Plaintiff disingenuously claims that the May order only required him to

A-1275-18T3

furnish financial data to defense counsel, not probation.[3] While the order does not explicitly address who was to receive the financial information, the order expressly provides that probation could initiate enforcement without further order of the court if plaintiff did not comply. Obviously, the order anticipated plaintiff would furnish the data to probation, which was required to collect one-third of plaintiff's net income toward arrears, and it was precisely because plaintiff failed to provide the information, and probation was unable to ascertain how much plaintiff was to pay, that enforcement proceedings re-commenced.

Plaintiff's remaining arguments require little comment. The two-missed-payments-warrant-to-issue provision did not require an ability to pay hearing in advance. When actual incarceration is imminent, the court must determine whether the coercive power of incarceration is justified because "the [party] was capable of providing the required support, but willfully refused to do so." Pasqua v. Council, 186 N.J. 127, 141 n.2 (2006). Here, plaintiff did not yet face the prospect of incarceration based on a contemptuous failure to comply with court orders.

---

[3] Plaintiff relies on a statement made by his attorney during the May 2018 hearing that represented plaintiff would provide the data to defense counsel.

We refuse to consider plaintiff's last point, which contends Judge McDonald left open the disposition of the SSI benefits in the future, after defendant were to become the representative recipient of the benefits. Courts do not issue advisory opinions when there is no genuine controversy between the parties. Janicky v. Point Bay Fuel, Inc., 410 N.J. Super. 203, 208 (App. Div. 2009). We leave the parties to take whatever action may be appropriate in the future.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION