## JACQULYNNE ANN MCCOOL, PLAINTIFF-APPELLANT, v. WESTERN ELECTRIC/AT & T TECHNOLOGIES, INC., ETC., DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued November 7, 1988—Decided November 29, 1988.

Before Judges SHEBELL, GRUCCIO and LANDAU.

*William C. Buchanan* argued the cause for appellant (*Gallicchio & Buchanan,* attorneys; *W. Buchanan* on the brief).

*Dominick Bratti* argued the cause for respondent (*Carpenter, Bennett & Morrissey,* attorneys; *Anthony C. Famulari* of counsel; *D. Bratti* on the brief).

The opinion of the court was delivered by

LANDAU, J.A.D.

Jacqulynne McCool appeals from that part of a judgment of the Division of Workers' Compensation dated June 18, 1987 on her claim against respondent Western Electric/AT & T Technologies, Inc. which awarded her 17.5% of partial total for orthopedic disability and 2.5% of partial total for neurological disability arising out of an industrial accident on May 17, 1982.

The matter was conducted in summary fashion as an "accelerated award" proceeding under practices of the Division of Worker's Compensation. *N.J.S.A.* 34:15–57. The sole issue was the extent of her disability.

Under the accelerated procedure, the Compensation Judge heard testimony only from McCool. In addition, he had the benefit of reports from her orthopedic expert who concluded that she suffered from orthopedic impairment amounting to 37½% of total and an assessment by her neurological expert which fixed neurological disability at 20% of total. Reports submitted by respondent's expert fixed McCool's disability at 8½% of partial total.

By order dated November 9, 1987, we denied McCool's *pro se* motion to supplement the present record with additional medical reports which assertedly supported her current contention of total disability, in contrast to the reports of her previous experts. The reports attached to that motion actually did not address the extent of her disability, but suggested that she might benefit from further remedial surgery. Those reports

were incorporated in McCool's appendix. It is not our understanding that McCool is presently foreclosed from requesting leave for additional surgery or from seeking to institute a worsened disability contention under *N.J.S.A.* 34:15–27. Accordingly, the present appeal properly raises only the question of adequacy of the disability award, based upon the record before the Compensation Judge.

McCool's testimony was essentially undisputed, except as inferentially contradicted by the medical report of respondent's expert. She had an industrial accident on May 17, 1982, and said that she was not able to "do any physical employment" since August 1984. A laminectomy was performed in November 1985, but her complaints persist. She cannot tolerate the pain caused by standing more than five or ten minutes and must stop household activities after only "a little bit" or "I'll go into traction," which is hooked up to her bed at home. She must be turned over by her husband if she happens to roll on her back at night because "I feel I'm nailed to the bed, and its a great deal of pain all the time." The pain is "in the center of the back to the head and all the way down to my leg." Her toes have been numb since the surgery. She cannot stand without pain, and cannot "play ball ... and things like that" with her children anymore. Her right ankle is also numb.

The Judge of Compensation made the following findings and conclusions:

> I've taken this Petitioner's testimony and reviewed the medical records which have been submitted into evidence, and I find that the Petitioner has sustained the burden of proof which would entitle her to an award on the basis of 17 and one-half percent of partial total for orthopedic sequelae, and in addition thereto an additional 2 and one-half percent of partial total for neurological sequelae for the residuals of a herniated disc surgery. This would entitle the petitioner to 20 percent of partial total or 120 weeks at the $58 rate totalling $6,960.

McCool urges that we remand for additional findings of fact, contending that the evidence demonstrated that her working ability and ability to carry out the ordinary pursuits of life were far more materially lessened than recognized by the cumulative award of 20% of partial total. Citing *Application of Howard*

*Savings Institution,* 32 *N.J.* 29, 52 (1960) and *Cunningham v. Dept. of Civil Service,* 69 *N.J.* 13, 26 (1975), she complains that "the Judge of Compensation [failed] to focus on the statutory requirements and set forth adequate findings."

We agree. We cannot tell how or why the Judge of Compensation arrived at the percentage of disability in the award. Did he credit or reject McCool's testimony respecting her inability to work and the impact on her personal pursuits? Why? To what extent were the reports of any expert credited or rejected? Why?

Respondent correctly argues that under *Close v. Kordulak Bros.,* 44 *N.J.* 589, 599 (1965), appellate review of findings of the Division of Workers' Compensation must be governed by the same standards applicable to any non-jury case, that is, could they "reasonably have been reached on sufficient credible evidence present in the record ... as a whole, with due regard to the opportunity of the one who heard the witnesses to judge of their credibility." *Ibid.; De Angelo v. Alsan Masons Inc.,* 122 *N.J.Super.* 88 (App.Div.1973), aff'd 62 *N.J.* 581 (1973). These authorities, however, do not diminish the duty of the Judge of Compensation to provide, and of the reviewing court to require, articulation of findings adequate to inform "the interested parties and any reviewing tribunal of the basis on which the final decision was reached so that it may be readily determined whether the result is sufficiently and soundly grounded or derives from arbitrary, capricious or extra-legal considerations." *Howard Savings,* 32 *N.J.* at 52. *See also Perez v. Pantasote, Inc.,* 95 *N.J.* 105, 118, 120 (1984); 3 *Larson, The Law of Workmens' Compensation,* (1988), § 80.13.

We recognize that the necessity to deal promptly yet fairly with the enormous volume of compensation litigation has given rise to legislative authorization for a summary proceeding (*N.J.S.A.* 34:15–57) and that the present case was conducted under the accelerated award practice as the only issue was the

determination of permanent disability by the Compensation Judge.

Respondent would have us recognize a different standard for review of such matters; one which dispenses with the need for "overly detailed" findings of fact.

We hold that the authorization for abbreviation in the extent of proofs required in certain cases furnishes no excuse to abandon or modify the standards recently re-articulated in *Perez*. The need for exposition of the basis for findings made in such summary proceedings may be even greater than in a plenary trial, if a meaningful review is to be conducted. In *Howard Savings*, where a less than consummate example of findings and conclusions was under review, Justice Hall concisely summarized the minimum requirements for administrative decision:

> [T]he function of basic findings is, broadly speaking, to show how and why the Commissioner made up his mind the way he did.... If it is apparent that we and the interested parties can and do understand fully the meaning of the decision and the reasons for it, no sufficient reason exists to remand.... [*Howard Savings*, 32 *N.J.* at 53.]

■ The present findings do not meet this test. We remand for appropriate amplification of the findings. We do not retain jurisdiction.