254 N.J. Super. 613 (1992)
604 A.2d 169
VICTOR L. LEDEZMA, PETITIONER-RESPONDENT,
v.
A & L DRYWALL, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 18, 1992.
Decided March 11, 1992.
*615 Before Judges R.S. COHEN, A.M. STEIN[1] and KESTIN.
Sheldon Schiffman argued the cause for appellant (Fred S. Brause, Jr., attorney; Sheldon Schiffman on the brief).
Jeanette Estremera argued the cause for respondent (Edward S. Kahn, attorney, on the brief).
The opinion of the court was delivered by KESTIN, J.S.C. (temporarily assigned).
The petitioner suffered a work related injury in October 1987 and filed a workers' compensation claim. The trial in the Division of Workers' Compensation focused on the nature and extent of permanent disability, all other aspects of the case having been resolved or stipulated.
The matter came before Judge Boyle who considered testimony from the petitioner and medical reports from physicians on behalf of both the petitioner and the employer. Based upon this evidence, the judge found that petitioner was "entitled to an award of permanent disability ... to the extent of 50 percent partial total award as a combined orthopedic and neurological award." The judge then broke this figure down "30 percent orthopedically ... and 20 percent for neurological for residuals of anxiety reactions, phobic reaction, depressive reaction and neurosis." He then went on extensively and specifically to reject the petitioner's argument that a neuropsychiatric disability had been sustained. Judgment was entered, inter alia, for 50% of partial permanent disability.
On May 3, 1991 the employer filed a timely appeal "from the Judgment ... which awarded fifty (50%) percent of partial permanent disability, including orthopedic and alleged neuropsychiatric disability." In the case information statement filed *616 with its notice of appeal, the employer stated the following as proposed issues to be raised on appeal:
Procedures of judge of compensation, the findings that there was no neuropsychiatric disability. However, there was an award for residuals of anxiety reaction, phobic reaction, depressive reaction and neurosis. We will await receipt of written decision which may reveal other issues.
Clearly, the gravamen of the appeal was to be the inconsistency between the judge's general finding of no neuropsychiatric disability and his specific findings as to the basis for the neurological portion of his award which were cast in neuropsychiatric terms.
Apparently, upon receiving a copy of the notice of appeal, Judge Boyle reviewed his records and recognized the asserted inconsistency. On May 6, 1991 he rendered a "supplemental decision amending original decision", acknowledging an error. He noted the basic determination of "50 percent of partial total disability as a combined orthopedic and neurological award" and that he had "ruled out any neurospsychiatric disability." He went on to describe as incorrect his attempt "to break down the award as to 30 percent orthopedically and 20 percent neurologically." He further noted:
The Court ... misdescribed the neurological by using psychiatric terminology as follows: "20 percent for neurological for residuals of anxiety reaction; phobic reaction; depressive reaction." This was in error, as the Court specifically ruled out any psychiatric disability....
Judge Boyle then corrected the error in his earlier decision by amending his conclusions to specify a "50 percent of partial total award" for a "combined orthopedic and neurological" disability. The recited medical conditions upon which this determination was based were, in every meaningful respect, identical to those found in the original decision:
[R]esiduals of a diffused bulge L3-L4; diffused bulge L4-L5-1; herniated nucleus pulposus L5-1; L5 nerve root irritability, by EMG; status post lumbar discography; post traumatic osteoarthritis of the lumbosacral spine; status post hemilaminectomy, L4-L5, L5-S1, bilaterally; decompression of L5-S1 roots, bilaterally; status post discectomy, L5-S1; status post left posterior lumbar interbody fusion using banked fibula and iliac crest.
*617 The Judge went on to reiterate that he found no neuropsychiatric disability and concluded:
The remaining portions of the 3/21/91 decision and Judgment are to remain the same.
The Court in its original decision of 3/21/91 explained why it did not find neuropsychiatric disability and as the Court has pointed out in this Supplemental decision of 5/6/91, it was in error describing the neurological description. The Court was wrapped up in describing why it found no psychiatric, that it inadvertently carried over the psychiatric terminology.
The Court has executed an Amended Order of Judgment as to the corrected combined orthopedic-neurological claim consistent with this supplemental opinion and has distributed the same to the respective attorneys.
On May 15, 1991, the employer filed an amended notice of appeal "from the purported amended Judgment ... which awarded fifty (50%) percent of partial permanent disability, for orthopedic and neurological disability." In its amended case information statement, the employer noted:
In addition to the prior issues, the appellant will raise the following issues: (1) the right of the court to file the amended judgment; (2) failure of the court to make sufficient findings of fact and conclusions of law; (3) jurisdiction of the trial court to file the amended judgment; (4) the question of whether or not the court violated procedural due process clause of the state and federal constitution.
All the employer's arguments on appeal have been embodied in a single point in its brief.
The employer's contention that Judge Boyle failed to make sufficient findings of fact and conclusions of law is entirely without merit. Judge Boyle's summary of the evidence, his analysis of the expert reports, his findings based upon these elements together with his observations of the petitioner at trial, and his appraisal of the petitioner's disability in the light of the aforementioned, were adequately set forth in his original decision. In the context of the medical conditions found to exist, his findings and conclusions met all essential requirements. See Perez v. Pantasote, Inc., 95 N.J. 105, 116-120, 469 A.2d 22 (1984). The character and quality of Judge Boyle's findings and conclusions in this case are a far cry from those found wanting in McCool v. Western Elec./AT & T Technologies, Inc., 229 N.J. Super. 84, 550 A.2d 1249 (App.Div. *618 1988). We cannot overlook the existence of substantial evidence in the record supporting both the findings made and the conclusions reached by Judge Boyle. See Rova Farms Resort v. Investors Ins. Co., 65 N.J. 474, 484, 323 A.2d 495 (1974).
We are constrained to note that the sufficiency of the judge's findings and conclusions was not a stated issue in the initial appeal. We are mindful of the hedging statement in the employer's case information statement that other issues might be revealed upon receipt of the written decision. Nevertheless, it is clear that the main thrust of the employer's problem with the original decision was its facial inconsistency as to neurological-neuropsychiatric elements and nothing more. When the judge corrected that error sua sponte, the employer's concerns broadened even to the extent of filing a brief with a most unfortunate ad hominem flavor.
The employer also contends that the trial judge's action amending his decision without notice to the parties and an opportunity to be heard was a denial of due process of law. We regard this argument to be unmeritorious also.
The due process clause of the Fourteenth Amendment to the United States Constitution guarantees to all parties in litigation the right to know the evidence and contentions advanced against them as well as the perceived facts which inform a judge's decision. The guarantee includes a fair opportunity to meet those proofs, arguments and perceptions of fact. Goldberg v. Kelly, 397 U.S. 254, 267-271, 90 S.Ct. 1011, 1020-22, 25 L.Ed.2d 287, 298-301 (1970). The due process values embodied in Article I, paragraph 1 of the New Jersey Constitution require no less. See Hewitt v. Hollahan, 56 N.J. Super. 372, 377-378, 153 A.2d 371 (App.Div. 1959).
This standard was not violated here. The parties had been fully apprised of the issues before Judge Boyle and had had a full opportunity to be heard as a matter of proof and argument. Nothing new by way of factual basis or otherwise was introduced into the record between the time the original decision *619 was rendered and the date upon which the modified decision was prepared. All that had occurred was that an error of articulation had come to the judge's attention. He determined, to his credit, that it should be acknowledged; and he remedied it without further notice to the parties. This did not constitute a due process violation.
The employer argues further that the method chosen by the judge to correct the error was ill-advised as having no basis in established procedure and, further, that there was no jurisdictional basis for its exercise. These are separate, though related, issues.
The employer is technically correct in its contention that once a decision has been rendered and a notice of appeal filed, the trial court or agency loses jurisdiction over the matter. Sturdivant v. General Brass & Mach. Corp., 115 N.J. Super. 224, 227, 279 A.2d 110 (App.Div. 1971), certif. denied, 59 N.J. 363, 283 A.2d 107 (1971). Exceptions to this maxim are specifically permitted by rule for limited purposes. See, e.g., R. 2:9-3(c), 2:9-5(b), 4:49-1(c), and 4:49-2. Accepting the employer's argument as dispositive, however, would lead to an anomalous result. The trial judge has declared in unmistakable terms that the articulated basis of one portion of his original decision was erroneous. If he lacked the jurisdiction to make a change, we are left with the need to reverse based upon this obvious flaw and remand for "appropriate action", or to order a limited remand for a purpose already effectively accomplished. Having unshakeable faith that the days are mercifully long behind us when technicalities powered the machinery of the legal system  rather than either logic or experience  we believe that these are results which ought to be avoided.
We take the corrections effected by Judge Boyle to be squarely within the intendment of R. 1:13-1 which provides:
Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight and omission may at any time be corrected by the court on its own initiative or on the motion of any party, and on such notice and terms as the court directs, notwithstanding the pendency of an appeal.
*620 Manifestly, the error noted by Judge Boyle was due to oversight. Since he had the authority under this rule to correct the error notwithstanding the pendency of this appeal, we take the subject of this review to be his decision as corrected.
The needs of litigants and the judicial system are well served by the conscientious judge who is frankly willing to acknowledge and correct error in a way that shortcuts the consumption of time, expense, and resources involved in the appellate process. See Darel v. Pennsylvania Mfrs. Ass'n. Ins. Co., 114 N.J. 416, 426, 555 A.2d 570 (1989). The needs of the parties and the system require that this be accomplished with the sanctioned regularity that procedural rules bring to a process. We do not suggest that R. 1:13-1 should be seen as a broad warrant for effecting changes that go beyond the genuinely clerical or those which are truly the product of oversight or omission. Applied in a limited way, as here, however, to effect the salutary purpose envisaged, and in the absence of palpable prejudice to any party, R. 1:13-1 serves a useful purpose. There is every reason to commend Judge Boyle for his well considered action in the manner contemplated by that provision.
Affirmed.
NOTES
[1] Judge Stein did not participate in oral argument, but has participated in the decision with the consent of the parties.