**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3363-23

BARBARA H. FLEISHER,

      Plaintiff-Respondent,

and

MICHAEL GINN, CUST. EDEN GINN,
and UNIF TRAN. MIN ACT PA,

      Plaintiffs,

v.

ROSE E. COLON, a/k/a ROSE COLON,
KIM-AHN NGUYEN and STATE OF
NEW JERSEY,

      Defendants,

and

RONALD HOROWITZ,

      Defendant-Appellant.

_____

Argued May 6, 2025 – Decided May 28, 2025

Before Judges Smith and Vanek.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-3298-23.

Ronald Horowitz, appellant, argued the cause pro se.

Scott Shectman argued the cause for respondent (Eisenberg, Gold & Agrawal, PC, attorneys; Andrew L. Unterlack, on the brief).

PER CURIAM

Defendant Ronald Horowitz appeals two Law Division orders denying his request for compound post-judgment interest and an award of attorney's fees and costs. After our thorough review of the record and prevailing law, we affirm.

I.

We set forth the salient facts from our prior unpublished opinion in Fleisher v. Colon, (Fleisher III), A-1523-21 (App. Div. Nov. 9, 2022), for context of our decision. Horowitz is a New Jersey attorney in retired status. On October 18, 2005, Horowitz obtained a judgment against his former client, Rose E. Colon, for legal fees and costs totaling $27,787.65. Fleisher III, slip op. at 5. Colon owned commercial property located in Marlboro, New Jersey. In 2016,

> [plaintiff Barbara H. Fleisher] accepted a deed in lieu of foreclosure (DIL) from Colon. [Fleisher] contends she obtained the property through the DIL in fee simple, free and clear of any encumbrances . . . .
>
> [Fleisher] filed a motion on September 22, 2021, requesting the court to enter an order declaring . . .

2

> Horowitz's rights in the property to be divested by virtue of the foreclosure action, barring . . . Horowitz of all equity of redemption in the property, and declaring . . . Horowitz's judgments discharged and canceled. Horowitz filed an opposition and cross-motion to vacate the trial court's April 3, 2013 order, claiming service was defective and the order was improperly entered. On January 21, 2022, the trial court granted plaintiff's application to divest and denied Horowitz's cross-motion to vacate . . . .
>
> [Id. at 5-6.]

We concluded Fleisher's DIL from Colon did not impact Horowitz's rights as the holder of a junior judgment lien, remanding the matter for the trial court to "address the current status of the property" and impact on Horowitz's lien. Id. at 10.

The trial court ordered Counsellors Title Agency, on behalf of Old Republic Title Insurance Company, "to issue a payment of $60,000 to be deposited into escrow to be held by the Superior Court [(the Escrow)]." On December 5, 2023 Horowitz demanded by email that Fleisher's estate consent to release the entire $60,000 held in the Escrow to him by January 1, 2024 on the basis that Fleisher's claim and positions "are frivolous under Rule 1:4-8 and [N.J.S.A.] 2A:15-59.1."

When the claim was not withdrawn by Horowitz's stated deadline, he moved for summary judgment, seeking the full amount of the Escrow plus

accrued interest. The trial court granted Horowitz's motion in part, ordering a turn-over of a portion of the Escrow to him "in the amount of $43,475.92, plus a per diem rate of interest of $4.01." The trial court awarded simple interest pursuant to Rule 4:42-11(a), for a total of $43,475.92 plus a per diem interest rate of $4.01 for the remainder of the 2024 calendar year.

Days later, Horowitz moved to modify the post-judgment interest calculation to award compound instead of simple interest under Rule 1:13-1, for an award of counsel fees and costs under Rule 1:4-8, and for release of the full Escrow. The trial court entered an order denying Horowitz's motion, finding he failed to offer any proofs showing a clerical error in the trial court's interest computation sufficient for relief under Rule 1:13-1. The trial court denied Horowitz's application for attorney's fees under prevailing decisional law.

The trial court also denied Horowitz's motion for turn-over of the full Escrow because it "can only enter an [o]rder authorizing and directing the Superior Court Treasury to turn[-]over funds upon formal [m]otion seeking a sum certain amount." The trial court explained Horowitz may file a motion "to turn[-]over funds in the amount of $43,475.92 plus a per diem rate of interest of $4.01," and plaintiffs "may file a [m]otion seeking to turn[-]over any surplus funds that remain after satisfaction of the awarded [j]udgment."

4

Horowitz filed another motion for reconsideration, which the trial court granted in part, determining the correct judgment amount was $27,787.65 plus simple post-judgment interest, totaling $47,532.50 through April 30, 2024, with a per diem rate of $4.43 to be paid from the Escrow, inclusive of all filing fees. The trial court thereafter ordered the Superior Court Trust Fund to disburse $47,790.53 to Horowitz.

Horowitz filed a timely appeal of the final order.

## II.

### A.

It is well-settled that we review a trial court's order granting or denying a reconsideration motion for abuse of discretion. Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021). Likewise, we review a trial court's award of attorney's fees on a motion for frivolous litigation sanctions under the same standard, disturbing that award "only on the rarest occasions . . . ." Litton Indus., Inc. v. IMO Indus., Inc., 200 N.J. 372, 386 (2009) (quoting Packard-Bamberger & Co. v. Collier, 167 N.J. 427, 444 (2001)) (internal quotation marks omitted).

### B.

We are unpersuaded by Fleisher's argument that Horowitz's appeal of the trial court's interlocutory orders was untimely pursuant to Rule 2:41-1(a). Rule

2:2-3(a)(1) only permits an appeal as of right to the Appellate Division from a final judgment. However, once a final judgment is entered, an appeal as of right may proceed as to all interlocutory orders entered on the case. See R. 2:2-3(a)(1); Vitanza v. James, 397 N.J. Super. 516, 518 (App. Div. 2008) ("[I]interlocutory orders may be challenged when final judgment is entered, and to be appealable, as of right, a matter must be resolved in the trial court as to all issues and all parties.").

Since Horowitz filed a timely appeal of the final order, all prior interlocutory orders were appealable as of right. Having decided this threshold issue, we proceed to analyze Horowitz's substantive arguments.

C.

We discern no abuse of discretion in the trial court's denial of Horowitz's application for an award of his own fees whether as a pro se litigant or as a self-represented attorney-litigant under Rule 1:4-8 and Rule 4:42-9(a)(2).

Although Horowitz is no longer an active member of the New Jersey bar, he sought a $36,000 fee award predicated on an attorney fee rate of $500.00 per hour for litigating the collections action against his former client. To the extent Horowitz is a pro se litigant, he is not entitled to a counsel fee award under Rule 1:4-8 and Rule 4:42-9(a)(2) without actually incurring a loss through payment

A-3363-23

of attorneys' fees. See Porreca v. City of Millville, 419 N.J. Super. 212, 225 (App. Div. 2011) (explaining a party may be awarded fees from the fund in court, which is an exception to the American Rule, only "when the litigation 'produces a tangible economic benefit for a class of persons that did not contribute to the cost of the litigation.'") (quoting Henderson v. Camden Cnty. Mun. Util. Auth., 176 N.J. 554, 564 (2003)); Alpert, et al v. Quinn, 410 N.J. Super. 510, 545-46 (App. Div. 2009), certif. denied, 203 N.J. 93 (2010) (concluding counsel proceeding pro se cannot recover attorney's fees for frivolous litigation because Rule 1:4-8 permits "only the reimbursement of attorneys' fees and expenses incurred by a party. It does not permit the reimbursement of a party's loss of income in dealing with frivolous litigation").

We reach the same conclusion to the extent Horowitz is an attorney seeking counsel fees for representing himself in this litigation. The Court held in Segal v. Lynch, 211 N.J. 230, 263-64 (2012), the self-represented attorney in that case could not obtain an award of counsel fees. After reviewing conflicting decisional law expressing a "variety of policy considerations in support of and in opposition to permitting attorneys to be awarded counsel fees for representing themselves," the Segal Court concluded there was an inherent inequity in compensating an attorney for the time expended in securing relief when others

who represent themselves pro se would be precluded from being compensated for their time, stating as follows:

> [w]e perceive in this record no basis on which to conclude that attorneys who represent themselves are entitled to be paid for their time when all other litigants who choose to represent themselves would be denied such compensation.
>
> [Segal, 211 N.J. at 260.]

Although Horowitz urges us to confine Segal's applicability to the discrete matrimonial litigation before that Court, we decline to view the Court's holding so narrowly. Based on the Court's decision in Segal, we conclude Horowitz, as an attorney proceeding pro se in collection litigation against his own client may not recover fees under Rule 1:4-8 and the exception to the American Rule for fees from a fund in court contained at Rule 4:42-9(a)(2). See Porreca, 419 N.J. Super. at 224-26. Granting Horowitz's application to recover fees, under the substantive bases sought here would foster an inequitable result, allowing a self-represented attorney-litigant to obtain relief not available to non-attorney litigants in contravention of the principles underpinning the Court's decision in Segal. See Segal, 211 N.J. at 264.

Since we conclude Horowitz may not recover fees as either a self-represented attorney or as a non-attorney pro se litigant, our analysis of Horowitz's fee application aptly ends here. For purposes of completeness only,

we conclude the trial court's substantive conclusions that attorney's fees were not otherwise substantiated under Rules 1:4-8 or 4:42-9(a)(2) were not erroneous, since Fleisher's litigation position was not frivolous and the litigation did not benefit anyone other than Horowitz.

D.

When the issue on appeal is an award of post-judgment interest, "our review necessarily involves a mixed question of law and fact . . . because it is well established that 'a judgment creditor is entitled to post-judgment interest at the rate specified in [Rule] 4:42-11(a) absent an extraordinary and equitable reason.'" C.E. v. Elizabeth Public School Dist., ___ N.J. Super ___, ___ (App. Div. 2025) (slip op. at 7) (alteration in original) (quoting Marko v. Zurich N. Am. Ins. Co., 386 N.J. Super. 527, 532 (App. Div. 2006)).

We conclude the trial court did not err in awarding simple interest, as set forth in Rule 4:42-11(a), rather than the compound interest Horowitz sought, albeit on different grounds from the trial court.[1] Our affirmance is guided solely by the plain language of Rule 4:42-11(a) and the proofs in the record. Rule 4:42-11(a) explicitly states "[e]xcept as otherwise ordered by the court or

---

[1] The trial court relied on tax lien statutes contained at N.J.S.A. 54:4-67(a), 54:5-58, and 54:5-60, which we conclude are not dispositive of the issue before us.

9

provided by law, judgments, awards and orders for the payment of money, taxed costs and attorney's fees shall bear simple interest."  (emphasis added).  The record before us does not establish that Horowitz argued to the trial court there were extraordinary or equitable circumstances warranting deviation from Rule 4:42-11(a)'s mandate that simple, rather than compound, post-judgment interest be awarded.  Nonetheless, our review of the record, including consideration of the length of time the judgment in this collection action remained unsatisfied, leads us to conclude there are no extraordinary or equitable circumstances warranting compound interest.

We are unpersuaded by Horowitz's reliance on Twp. of West Windsor v. Nierenberg, 345 N.J. Super. 472 (App. Div. 2001), coupled with non-binding authority from other jurisdictions.  Nierenberg involved a trial court's determination of constitutionally-mandated just compensation for a taking of property, distinct from the collections case that forms the predicate for Horowitz's judgment here.

Lastly, we discern no clerical error in the entry of the Law Division orders on appeal, necessitating relief under Rule 1:13-1,[2] which is not "a broad warrant

---

[2] Rule 1:13-1 provides "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight and omission may at any time be

for effecting changes that go beyond the genuinely clerical or those which are truly the product of oversight or omission." Ledezma v. A & L Drywall, 254 N.J. Super. 613, 620 (App. Div. 1992).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Hanley*

Clerk of the Appellate Division

---

corrected by the court on its own initiative or on the motion of any party, and on such notice and terms as the court directs . . . ."

A-3363-23