SANDRA STERN, PLAINTIFF, v. HERBERT STERN,
DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued September 17, 1984—Decided October 15, 1984.

Before Judges McELROY, DREIER and SHEBELL.

*Gene M. Schiffman* argued the cause for appellant, Henry P. Renard, trustee of trust for the benefit of Jason and Jordan Stern (*Schiffman & Berger,* P.C., attorneys).

*Thomas F. Campion* argued the cause for respondent (*Shanley & Fisher,* P.C., attorneys; *Thomas F. Campion* and *William K. Lewis,* on the brief).

The opinion of the court was delivered by

SHEBELL, J.A.D.

Plaintiff, Sandra Stern, now known as Sandra Gast, and defendant, Herbert Stern, were divorced on December 5, 1977 and she was granted custody of their children, Jason and Jordan.

As a result of a motion brought by defendant for change of custody, a consent order was entered January 8, 1980 directing the Passaic County Probation Department to conduct a custody investigation. While this was pending, Sandra created an irrevocable trust in New York on March 24, 1980 naming the boys as beneficiaries and appointing appellant Henry P. Renard as trustee. The trust corpus consisted of cash provided by plaintiff which was used to purchase the former marital home of the parties located in New Jersey. Sandra had received title to this property as part of the divorce settlement. She originally intended to fund the trust by transfer of title to the trustee but in order to obtain tax advantages she funded the trust with cash, had the property independently appraised and arranged for the trust to buy the property from her at the appraised value.

The deed to the trustee was recorded April 2, 1980. The next day Sandra, without notice to the defendant or the court before whom the custody issue was pending, removed the boys to Oklahoma. On April 8, 1980 Sandra filed a complaint for custody in Oklahoma without advising the Oklahoma court of

the custody proceeding which was underway in New Jersey. On June 23, 1980 that court found plaintiff had "lawfully moved" to Oklahoma and entered a default judgment granting her custody of the children.

In the interim, on defendant's application, a New Jersey judge entered a temporary restraining order and order to show cause on April 7, 1980 giving temporary custody to defendant and directing plaintiff to return the boys to this state. Because he was unaware of the creation of the trust the judge also enjoined plaintiff from selling or otherwise disposing of the former marital home. Plaintiff ignored this order. On April 18, 1980 the New Jersey judge who had signed the consent order requiring the custody investigation entered another order to show cause enjoining disposition of the marital home. Both orders had return dates of April 25, 1980. The matter was heard on that date and the judge, still unaware of the creation of the trust and sale of the home, denied defendant's motion to enjoin its sale stating it was

> ... not within the course of powers of this court and ... for the reason that the items of relief that are granted are deemed to be of sufficient coercive force to compel [plaintiff's return] ....

On July 21, 1980 the New Jersey court found the Oklahoma custody judgment entitled to no deference and awarded custody to defendant. It also appointed a sequestrator of the property within this State and terminated defendant's obligation for child support.

On July 24, 1980 the trial court issued an order requiring that appellant-trustee Renard show cause on August 1, 1980 why an order should not be entered sequestering the corpus of the trust and enjoining him from conveying the marital residence or other trust corpus. The order temporarily restrained conveyance of the trust corpus. The trustee was personally served in New York and by certified mail but did not respond. On August 1 an injunction was entered enjoining the trustee from selling the marital residence without court approval and directing him to deliver the trust corpus to the sequestrator. On

August 22, 1980 the trustee filed a motion to dismiss the July 24th order or alternatively to quash the process for lack of jurisdiction. He noted that the site of the creation and funding of the trust was New York and that he was a resident and employee in that state. He continued to preserve his jurisdictional defense and noted that he had never been advised of any restraint on the conveyance of the property.

In 1982 the trustee and defendant consented to an order permitting sale of the trust's real property and investment of the proceeds from the sale in an escrow account while preserving the trustee's jurisdictional defense. The order restrained disbursement of the trust assets. The trustee submitted to two depositions without prejudice to the jurisdictional issue. On November 18, 1983 he moved to dismiss for lack of personal jurisdiction, to vacate the restraints, to permit disbursement of trust income and capital, and for counsel fees, costs and other relief. The trustee's motion was denied by the court without oral argument on December 21, 1983. The trustee's attorney alleges that he did not learn of this order until more than a month after its entry when he received a copy from defendant's counsel. By letter dated January 30, 1984 the trustee requested that the court vacate its December 1983 order and reenter it on a current basis, schedule the matter for trial, and render findings of fact and conclusions of law; but, because Renard had filed a timely notice of appeal, the trial court concluded it was without jurisdiction to take further action. Defendant has moved to supplement the record to include correspondence from that court and the parties reflecting their respective positions. We grant that request. Sandra has not participated in this appeal.

■ We affirm the trial court's assertion of jurisdiction over the trustee Renard. *R.* 4:4–4(d)(2), entitled *Persons Having an Interest in Real Property*, authorizes service of process

Upon an individual owning or having an interest in real property in this State in an action arising out of such ownership or interest, by serving, in the manner prescribed in paragraph (a), the individual, . . . .

Paragraph (a) permits, *inter alia,* personal service upon an individual and/or service by mail. *See R.* 4:4–4(a). The trustee voluntarily employed the trust funds to purchase realty in the State of New Jersey. The action against the trustee in New Jersey arises directly out of his interest in that property. *See Shaffer v. Heitner,* 433 *U.S.* 186, 207–10, 97 *S.Ct.* 2569, 2581–83, 53 *L.Ed.*2d 683, 700–01 (1977). Appellant was served with process both personally and by certified mail and is subject to the jurisdiction of the New Jersey Court. *R.* 4:4–4(d)(2); *see Swetland v. Swetland,* 105 *N.J.Eq.* 608, 615 (Ch.1930), aff'd o.b. 107 *N.J.Eq.* 504 (E. & A.1931).

██ There can be no merit to appellant's contention that the court's jurisdiction was diminished by reason of defendant's consenting to a court order permitting sale of the property in 1982. The sale was made with the express stipulation that the trustee invest the net proceeds from the sale through his New Jersey attorney and that the proceeds and income not be disbursed without further order of the court.

 It is factually significant that while the property still remained in the name of the plaintiff the court entered an order calling for an investigation of the custodial circumstances of the children to the end that a custody hearing might be held on a date to be fixed. It is also significant that the children are natives of New Jersey. Although the trial court did not make the required findings of fact and conclusions of law it appears beyond dispute, and we so hold, plaintiff violated *N.J.S.A.* 9:2–2 by removing the children from New Jersey without the consent of the defendant or permission of the court. *N.J.S.A.* 9:2–2 states:

> When the Superior Court has jurisdiction over the custody and maintenance of minor children of parents divorced, separated or living separate, and such children are natives of this State, or have resided five years within its limits, they shall not be removed out of its jurisdiction against their own consent, if of suitable age to signify the same, nor while under that age without the consent of both parents, unless the court, upon cause shown, shall otherwise order. The court, upon application of any person in behalf of such minors, may require

such security and issue such writs and processes as shall be deemed proper to effect the purposes of this section.

Plaintiff should not be permitted to defeat the statutory powers vested in the New Jersey Court by transferring to a trustee in New York what may have been plaintiff's only remaining asset in this State. This is so even though the transfer purports to be for the purpose of benefiting the children. Here the custody issue was before the court and it was for the court to determine what was in the best interests of the children and in the process examine the nature of the trust and its purposes. We are of the opinion that the court may act under *N.J.S.A.* 9:2–2 upon a finding that the sequestration of the property or funds derived from its sale would reasonably have the possible effect of compelling the appearance of the plaintiff before the court, an appearance which would help the court fairly resolve the custody issue and thereby benefit the children. Further, the court has the authority to enter a protective order as to the property or trust providing it makes an adequate finding that the interests of the minors with respect to the property or trust would be prejudiced in the absence of such order. *See N.J.S.A.* 3B:21–4. We do not find it to be any impediment that the trust and trustee were established in New York as the corpus is located in this State and the beneficiaries are minors and New Jersey natives. The appellant notes various procedural irregularities none of which in our judgment caused an unjust result. *R.* 2:10–2.

■ It must be recognized however that the extraordinary relief granted by the trial court should not have been employed in the absence of a plenary hearing to establish that factual bases existed for relief. *Fusco v. Fusco,* 186 *N.J.Super.* 321, 327–29 (App.Div.1982). We therefore remand to the trial court.

The court on remand shall within 30 days hold a plenary hearing following which it shall promptly make appropriate findings of fact and determinations of law specifically directing its attention to the following issues: (1) whether the transfer of the property by the plaintiff was for the purpose of or had the

effect of depriving the court of control of her assets within the State, thereby preventing the court from requiring security or issuing necessary writs and process in furtherance of its jurisdiction over the custody of the children; (2) whether the entry of its order will in any way further the ability of the court to obtain the presence of the plaintiff within the State and compel compliance with its orders; (3) whether the orders it has entered or any similar relief which might be fashioned are in the best interests of the children, and (4) whether in the absence of such order the interests of the children with respect to the trust will be prejudiced.

We remand and do not retain jurisdiction.