**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4376-19

GALE L. PICCIONE,

     Plaintiff-Respondent,

v.

CHARLES S. PICCIONE,

     Defendant-Appellant.

_____

Submitted March 10, 2021 – Decided April 9, 2021

Before Judges Ostrer and Vernoia.

On appeal before the Superior Court of New Jersey, Chancery Division, Family Part, Warren County, Docket No. FM-21-0304-08.

William E. Mandry, attorney for appellant.

Florio Perrucci Steinhardt, Cappelli, Tipton & Taylor, LLC, attorneys for respondent (Donald E. Sounders, Jr. and Ruby Khallouf, of counsel and on the brief).

PER CURIAM

This post-judgment matrimonial matter arises out of defendant Charles S. Piccione's alleged failure to pay the $2,500 monthly alimony due to plaintiff Gale L. Piccione under a property settlement agreement (PSA) incorporated in the parties' dual judgment of divorce, and defendant's alleged failure to pay alimony arrears in accordance with a June 14, 2019 Family Part order we recently affirmed on defendant's appeal. Piccione v. Piccione, No. A-5086-18 (App. Div. Feb. 23, 2021) (slip op. at 18). Defendant presently appeals from a June 5, 2020 order finding him in violation of litigant's rights for failing to pay alimony; directing he pay $32,254.48 in alimony arrears within sixty days; awarding plaintiff $4,500 in attorney's fees; and denying defendant's cross-motions. Defendant also appeals from a July 24, 2020 order denying his motion for reconsideration. Unpersuaded by the arguments supporting defendant's appeal, we affirm.

I.

In a June 14, 2019 order, the Family Part denied defendant's motion to terminate his $2,500 per month alimony obligation to plaintiff and granted plaintiff's cross-motion to compel defendant to pay $7,581.40 in alimony arrears and $1,921 for plaintiff's attorney's fees. Defendant did not request a stay of the

order.  Defendant appealed from the order, and we affirmed.  Piccione, slip op. at 18.

Subsequent to the entry of the June 14, 2019 order, the Warren County Probation Division moved to enforce litigant's rights by compelling defendant's payment of alimony arrears.[1]  The motion was made returnable on August 19, 2019.  After the motion was filed, defendant appealed from the June 14, 2019 order and requested an adjournment of the August 19, 2019 motion hearing.  The court denied the adjournment request.

On August 13, 2019, the Probation Division issued a "N[otice of] P[roceeding] C[ancellation]" letter advising that the August 19, 2019 motion hearing was cancelled.  In an August 19, 2019 letter to the Probation Division, defendant's counsel confirmed a telephone conversation during which he was advised the motion hearing was cancelled because the "underlying" June 14, 2019 order was "on appeal."

More than eight months later, and while defendant's appeal from the June 14, 2019 order was still pending, plaintiff moved for aid in relief of litigant's rights, claiming defendant continued to fail to pay alimony in accordance with

---

[1] In its motion, the Probation Division claimed defendant owed $12,581.40 in alimony arrears.

the PSA and requesting an order directing that defendant pay $32,254.48 in alimony arrears as well as plaintiff's attorney's fees.

Defendant cross-moved for dismissal of plaintiff's motion, arguing the court lacked jurisdiction to order payment of alimony and alimony arrears under Rule 2:9-1(a) because his appeal from the June 14, 2019 order was pending. Defendant also cross-moved for a stay of the June 14, 2019 order; a stay of any order "entered by [the] . . . [c]ourt if the relief requested [by] defendant[] . . . is denied"; and an attorney's fee award. Plaintiff filed a certification in opposition to the cross-motion, "emphasiz[ing]" defendant never sought or obtained a stay of the June 14, 2019 order.

Judge Haekyoung Suh heard arguments on the motions and issued a detailed written decision finding defendant violated the PSA by failing to pay alimony; compelling defendant to pay $32,254.48 in alimony arrears within sixty days; directing defendant to "resume paying his alimony obligation immediately"; and awarding plaintiff $4,500 in counsel fees. The court also denied defendant's cross-motions.

Judge Suh found defendant failed to comply with the June 14, 2019 order directing payment of alimony arrears and failed to pay the $2,500 in monthly alimony required by the PSA. Judge Suh rejected defendant's claim the court

lacked jurisdiction to hear plaintiff's motion. Judge Suh noted the court had "continuing jurisdiction" under Rule 2:9-1(a) "to enforce judgments and orders when a motion is brought under [Rule] 1:10 unless that order or judgment has been stayed." Judge Suh further found that although defendant requested a stay of the June 14, 2019 order in his cross-motion, a stay of the order had not been granted. The judge also noted that plaintiff did not seek enforcement only of the June 14, 2019 order; plaintiff also requested enforcement of defendant's alimony obligation under the PSA.

The court denied defendant's motion for a stay of the June 14, 2019 order. Judge Suh found defendant failed to demonstrate: a stay was necessary to prevent irreparable harm; he had a likelihood of success on the merits of his appeal from the June 14, 2019 order; and he would suffer a greater hardship than plaintiff if a stay was not granted.

The court made detailed findings supporting its decision to award plaintiff $4,500 for her attorney's fees. In part, the court noted that defendant claimed he was permanently disabled, but he did not provide any information concerning

A-4376-19

his current income.  The court also observed "that defendant earned $525,541 in 2018."[2]

The court entered a June 5, 2020 order granting plaintiff's motions and denying defendant's cross-motions.  Defendant moved for reconsideration of the order, correction of a "clerical error" in the Probation Division's August 19, 2019 Notice of Proceeding Cancellation, and a plenary hearing on whether he violated the June 14, 2019 order.  Defendant argued the court should correct the Notice of Proceeding Cancellation to reflect entry of a stay pending appeal of the June 14, 2019 order, and that the court should then reconsider its June 5, 2020 order in light of the stay that should have been reflected in the Notice of Proceeding Cancellation.  Defendant also claimed the court erred in its June 5, 2020 determination of his ability to pay plaintiff's attorney's fees by considering his 2018 income because it included monies from defendant's pension, which he obtained in the equitable distribution of property in the parties' divorce.

Plaintiff filed a cross-motion to enforce litigant's rights requesting an order requiring defendant's compliance with the June 14, 2019 and June 5, 2020 orders, and requesting an additional attorney's fee award.

---

[2]  Judge Suh also issued the June 14, 2019 order.  As we explained in our decision affirming the order, defendant's tax return showed he had $525,541 in income in 2018.  Piccione, slip op. at 10.

A-4376-19

Following oral arguments on the motions, Judge Suh issued another detailed written decision denying defendant's motions and granting plaintiff's cross-motion. Judge Suh rejected defendant's motion to correct the Notice of Proceeding Cancellation to reflect a stay of the June 14, 2019 order. The court explained:

> [T]here was no clerical error in the Notice of Proceeding Cancellation dated [August 13], 2019. The cancellation of the enforcement proceeding is not equivalent to a stay of the June 14, 2019 [o]rder. Counsel's confirming letter to the probation department does not prove that the Notice of Proceeding Cancellation was equivalent to a stay of the June 14, 2019 [o]rder.

Judge Suh also rejected defendant's claim the court erred in its determination of his alimony obligation by considering income from assets he obtained in equitable distribution. The court found it lacked jurisdiction to address defendant's alimony obligation under the PSA because that issue was before this court on defendant's appeal from the June 14, 2019 order. For the same reason, Judge Suh determined defendant was not entitled to the requested plenary hearing on the amount of his monthly alimony obligation. The court determined that while the appeal from the June 14, 2019 order was pending, its jurisdiction under Rule 2:9-1(a) was limited to the enforcement of the parties'

7

obligations under the PSA, the June 14, 2019 order, and any other applicable orders.

Judge Suh entered a July 24, 2020 order denying defendant's motions; granting plaintiff's cross-motion in aid of litigant's rights; directing that defendant pay $32,254.48 in alimony arrears within thirty days; requiring that defendant pay the attorney's fees awarded in the June 14, 2019 and June 5, 2020 orders within thirty days; and granting plaintiff's new request for counsel fees in the amount of $3,870.

Defendant appeals from the court's June 5, 2020 and July 24, 2020 orders. On appeal, he presents the following arguments for our consideration:

> POINT ONE
>
> A CLERICAL ERROR OR OVERSIGHT OR [OMISSION] CAN PROPERLY BE CORRECTED BY THE COURT . . . PURSUANT TO [RULE] 1:13-1.
>
> POINT TWO
>
> THE COURT . . . ERRED IN NOT CORRECTING A CLERICAL ERROR WHICH WOULD CONFIRM [AN] ORDER TO STAY ENFORCEMENT OF THE ORDER OF JUNE [14], 2019.
>
> POINT THREE
>
> THE COURT DID NOT FOLLOW THE HOLDING IN INNES V. INNES, 117 N.J. 496 (1990), IN CONSIDERING THE DEFENDANT'S PENSION AS

8

AN ASSET FOR PAYMENT OF COUNSEL FEES
AND COSTS.

POINT FOUR

[<u>RULE</u>] 2[:]9-1(a) APPLIES IN THIS CASE FOR THE
VACATING OF THE COURT['S] . . . ORDERS OF
JUNE 5, 2020, AND JULY 24, 2020.

II.

Having carefully considered defendant's arguments in light of the record

and the applicable legal principles, we are convinced they are without sufficient

merit to warrant discussion in a written opinion, <u>R.</u> 2:11-3(e)(1)(E). We affirm

the court's orders substantially for the reasons set forth in Judge Suh's respective

written decisions accompanying the June 5, 2020 and July 24, 2020 orders. We

add the following comments.

Our review of Family Part orders is limited. <u>Cesare v. Cesare</u>, 154 N.J.

394, 411 (1998). "We review the Family Part judge's findings in accordance

with a deferential standard of review, recognizing the court's 'special jurisdiction

and expertise in family matters.'" <u>Thieme v. Aucoin-Thieme</u>, 227 N.J. 269, 282-

83 (2016) (quoting <u>Cesare</u>, 154 N.J. at 413). "Thus, 'findings by the trial court

are binding on appeal when supported by adequate, substantial, credible

evidence,'" <u>id.</u> at 283 (quoting <u>Cesare</u>, 154 N.J. at 411-12), and it is "[o]nly when

the trial court's conclusions are so 'clearly mistaken' or 'wide of the mark' should

A-4376-19

[we] intervene and make [our] own findings to ensure that there is not a denial of justice," N.J. Div. of Youth & Fam. Servs. v. E.P., 196 N.J. 88, 104 (2008) (quoting N.J. Div. of Youth & Fam. Servs. v. G.L., 191 N.J. 596, 605 (2007)). We do not, however, owe any deference to the court's "interpretation of the law." Thieme, 227 N.J. at 283 (quoting D.W. v. R.W., 212 N.J. 232, 245 (2012)). Likewise, an order granting a motion to enforce litigant's rights is reviewed under an abuse of discretion standard. N. Jersey Media Grp., Inc. v. State, Off. of Governor, 451 N.J. Super. 282, 296, 299 (App. Div. 2017).

In Points One and Two, defendant claims the Probation Division's Notice of Proceeding Cancellation erroneously failed to reflect the court had stayed enforcement of the June 14, 2019 order, and the court erred by denying defendant's motion to correct the notice. We reject the claims because they are based on the false premise that the court stayed the June 14, 2019 order. Defendant never requested a stay of the June 14, 2019 order, and the record is bereft of any evidence the Family Part ever issued a stay of the June 14, 2019 order. Defendant's claims to the contrary are not supported by the record.

In Point Three, defendant argues the court erred by considering his pension benefits in its determinations of plaintiff's entitlement to attorney's fees in its June 5, 2020 and July 24, 2020 orders. Defendant relies on Innes v. Innes,

where the Court discussed N.J.S.A. 2A:34-23, which states, "[w]hen a share of a retirement benefit is treated as an asset for purposes of equitable distribution, . . . court[s] shall not consider income generated thereafter by that share for purposes of determining alimony." 117 N.J. 496, 505 (1990) (emphasis added) (quoting N.J.S.A. 2A:34-23(b)). The Court found "[t]he plain language of the [statute] provides that income from pension benefits that have been treated as an asset for equitable distribution purposes (those benefits reflecting work during the marriage partnership) is not to be considered in determining alimony." Ibid. (emphasis added). The Court further noted the statute embodied a legislative determination that "it is inappropriate to make equitable distribution of a retirement benefit and then consider that distributed share for purposes of determining alimony" because "'double-dipping' of this asset [is] improper." Id. at 514.

The language from N.J.S.A. 2A:34-23 the Court interpreted in Innes has no application here. The provision in N.J.S.A. 2A:34-23 cited by the Court in Innes prohibits consideration of the income generated from a retirement benefit that was treated as an asset for purposes of equitable distribution only in the determination of alimony. N.J.S.A. 2A:34-23(b). In its June 5, 2020 and July 24, 2020 orders, the motion court did not determine alimony; it directed that

11

defendant pay alimony as required by the parties' PSA and the June 14, 2019 order.

The motion court considered the pension benefits awarded in the equitable distribution of property solely to determine defendant's "financial circumstances" and "ability to pay" in its analysis of plaintiff's attorney's fee requests. See R. 5:3-5(c)(1) to (2) (requiring a court in part to consider the parties' "financial circumstances" and "ability . . . to pay" in its determination of an attorney's fee award). Neither N.J.S.A. 2A:34-23 nor the Court's decision in Innes prohibits consideration of pension benefits received as part of equitable distribution for that purpose. Defendant's claims to the contrary lack merit.

Defendant argues in Point Four that the court lacked jurisdiction under Rule 2:9-1(a) to issue the June 5, 2020 and July 24, 2020 orders because of the pendency of his appeal from the June 14, 2019 order. The Rule states:

> Except as otherwise provided[,] . . . the supervision and control of the proceedings on appeal or certification shall be in the appellate court from the time the appeal is taken or the notice of petition for certification filed. The trial court, however, shall have continuing jurisdiction to enforce judgments and orders pursuant to [Rule] 1:10 and as otherwise provided.
>
> [R. 2:9-1(a).]

"Rule 2:9-1(a) [does not] operate[] to divest the lower court of all jurisdiction, . . . [and] an appeal does not ordinarily affect the trial court's jurisdiction over matters collateral to the subject of the appeal." Van Horn v. Van Horn, 415 N.J. Super. 398, 410 (App. Div. 2010) (citing Carlucci v. Carlucci, 265 N.J. Super. 333, 338-40 (Ch. Div. 1993)). "[I]f the new issue does not have the capacity to affect (i.e. render moot) the pending appeal, it is a 'new case[,]' and the pending appeal (of an unrelated 'case') does not preclude the trial court from considering the 'new case'." Ibid. (quoting Carlucci, 265 N.J. Super. at 339). Thus, where "the applications at issue would not 'affect, impair or destroy the subject matter of the appeal,'" the trial court may rightly "exercise[] jurisdiction to hear the issues." Ibid. (quoting Carlucci, 265 N.J. Super. at 344).

The June 14, 2019 order denied defendant's motion to terminate his $2,500 monthly alimony obligation required by the PSA, and directed that he pay alimony arrears and plaintiff's attorney's fees. Piccione, slip op. at 8. Defendant never sought a stay of the June 14, 2019 order and, therefore, during his appeal from the order, he was required to comply with its terms, and his obligations under the PSA, which is incorporated in the final judgment of divorce. See In re Hoboken Teachers' Ass'n, 147 N.J. Super. 240, 251 (App. Div. 1977) ("If a

person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but absent a stay, he [or she] must comply promptly with the order pending appeal." (quoting Maness v. Meyers, 419 U.S. 449, 458 (1975))).

In May 2020, plaintiff properly moved for relief in aid of litigant's rights to compel defendant's compliance with the June 14, 2019 order and the PSA. Abbott ex rel. Abbott v. Burke, 206 N.J. 332, 359 (2011) (explaining a motion to enforce litigant's rights "is [the] appropriate vehicle for a party who alleges a violation of a judgment"); see also In re N.J.A.C. 5:96 & 5:97, 221 N.J. 1, 17 (2015) (finding a motion to enforce is a "device to enable a litigant to enforce his or her rights" (citing R. 1:10-3)). "The scope of relief in a motion in aid of litigants' rights is limited to remediation of the violation of a court order." Abbott, 206 N.J. at 371.

Plaintiff's motion in aid of litigant's rights that resulted in the entry of the June 5, 2020 order sought only the enforcement of the June 14, 2019 order requiring that defendant pay alimony arrears and attorney's fees, and defendant's continuing alimony obligation under the PSA. The motion had no capacity to render moot or affect the issues raised in defendant's appeal from the June 14,

2019 order, see Van Horn, 415 N.J. Super. at 410, and the motion court had continuing jurisdiction to enforce the order and the PSA, R. 2:9-1(a).

Moreover, defendant's appeal of the court's June 14, 2019 order did not result in a stay of the order, or of his underlying alimony obligation. See Garden State Equal. v. Dow, 216 N.J. 314, 320 (2013) (finding that for a party to be granted a stay of an order, it "must demonstrate that (1) relief is needed to prevent irreparable harm; (2) the applicant's claim rests on settled law and has a reasonable probability of succeeding on the merits; and (3) balancing the 'relative hardships to the parties reveals that greater harm would occur if a stay is not granted than if it were'" (quoting McNeil v. Legis. Apportionment Comm'n, 176 N.J. 484, 486 (2003) (LaVecchia, J., dissenting))). As noted, defendant never moved for a stay, and the court never granted a stay. Defendant's alimony arrears therefore continued to accrue pending his appeal, see In re Hoboken Teachers' Ass'n, 147 N.J. Super. at 251, and the court had continuing jurisdiction to enforce its order and the PSA requiring defendant to pay his alimony obligations, R. 2:9-1(a).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

15

A-4376-19