**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3983-19

CHAD STRACENSKY,

     Plaintiff-Appellant,

v.

FIRST ATLANTIC FEDERAL
CREDIT UNION,

     Defendant,

and

WILLIAM F. SALDUTTI, III &
ROBERT L. SALDUTTI, d/b/a
SALDUTTI LAW GROUP,

     Defendants-Respondents.

_____

Submitted May 2, 2022 – Decided August 3, 2022

Before Judges Sumners and Firko.

On appeal from the Superior Court of New Jersey, Law
Division, Ocean County, Docket No. DC-010888-19.

Chad Stracenksy, appellant pro se.

Saldutti Law Group, attorneys for respondents (Thomas B. O'Connell, of counsel and on the brief).

PER CURIAM

On February 25, 2020, the late Judge James W. Palmer entered an order granting summary judgment dismissal of plaintiff Chad Stracensky's complaint against defendants First Atlantic Federal Credit Union ("First Atlantic" or "credit union") and William F. Saldutti, III & Robert L. Saldutti, doing business as Saldutti Law Group (collectively "Saldutti") on grounds of collateral estoppel and lack of jurisdiction due to a related action filed in another vicinage that was pending appeal. The judge also denied reconsideration of his order on June 4, 2020. Stracensky appeals the orders contending the judge erred in dismissing his complaint. We disagree and affirm.

In a complaint filed in Monmouth County Special Civil Part (Monmouth County matter),[1] First Atlantic sued Stracensky alleging that he defaulted on a line of credit and a checking account. First Atlantic was granted summary judgment requiring Stracensky to pay $10,369.18 in damages, plus contractual and statutory attorneys' fees and costs totaling $2,948.53. Stracensky's motion for reconsideration challenging the award of attorneys' fees and costs, but not

---

[1] Docket No. DC-26494-19.

the underlying indebtedness, was denied. Stracensky appealed. We reversed and remanded the matter, concluding that

> the trial court's statement of reasons explaining its summary judgment and reconsideration orders failed to indicate how the attorney's fees were calculated as required by Rule 1:7-4(a), and the court neither allowed oral argument nor indicated why it was not allowed on the reconsideration motion as required by Rule 1:6-2(d)."[2]
>
> [First Atl. Fed. Credit Union v. Stracensky, No. A-0457-19 (App. Div. Aug. 10, 2020) (slip op. at 2).]

While Stracensky's appeal was pending, he filed the within action in Ocean County Special Civil Part on October 18, 2019, suing First Atlantic and its attorneys, Saldutti, alleging the credit union's application for attorney's fees and costs in the Monmouth County matter was a violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692(e)-(g), as to Saldutti, and a violation of the New Jersey Consumer Fraud Act (CFA), N.J.S.A. 56:8-1 to -20, as to First Atlantic. The complaint alleged, inter alia, that Saldutti's

---

[2]  In addition, not relevant to this appeal, we also reversed the court's order enforcing litigant's rights because the information subpoena was not served upon defendant as required by Rule 6:7-2(b)(1).

A-3983-19

attempt to collect legal fees on behalf of First Atlantic was not authorized by the agreement between Stracensky and the credit union.[3]

On November 1, defendants filed a summary judgment motion to dismiss Stracensky's complaint based on lack of jurisdiction, collateral estoppel, res judicata, and judicial estoppel. About two weeks later, Stracensky moved to dismiss First Atlantic as a defendant. The next day, Stracensky filed a motion to amend his complaint. The amended complaint sued only Saldutti, alleging violation of the FDCPA because it was not addressed in the Monmouth County matter, and that "neither Saldutti nor [First Atlantic] has produced any agreement between First Atlantic and Stracensky authorizing such fees [which therefore] constitutes false and misleading conduct."[4]

On February 5, 2020, Judge Palmer granted Saldutti's summary judgment motion to dismiss the complaint, finding that because First Atlantic's claim for attorneys' fees and costs had already been litigated in the Monmouth County matter, Stracensky's claims disputing the attorneys' fees and costs were barred

---

[3] Stracensky submits that the timing of the Ocean County lawsuit was dictated by "an alleged violation of 15 U.S.C. 1692g(a)(1) due to a collection letter from Saldutti to Stracensky dated October 19, 2018."

[4] Saldutti filed an objection to the notice of dismissal without prejudice as failing to comply with Rule 4:37-1 and to the filing of an amended complaint.

by the doctrine of collateral estoppel. The judge further held that the court lacked jurisdiction over Stracensky's claims because his appeal of the Monmouth County matter was pending before this court. The judge later entered an order on June 4, denying Stracensky's reconsideration motion. In his written decision, the judge explained that Stracensky had not met the standard for reconsideration under Rule 4:49-2 by "stat[ing] with specificity the basis on which [the motion was] made, including a statement of the matters or controlling decisions which counsel believes the court has overlooked or as to which it has erred." The judge further found Stracensky presented no new evidence to justify vacating the previous order.

We find no merit to Stracensky's appeal of Judge Palmer's order. The judge correctly found that collateral estoppel barred Stracensky's claims. For collateral estoppel to apply, it must be shown that:

> (1) the issue to be precluded is identical to the issue decided in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the court in the prior proceeding issued a final judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding.
>
> [Winters v. N. Hudson Reg'l Fire & Rescue, 212 N.J. 67, 85 (2012) (quoting Olivieri v. Y.M.F. Carpet, Inc., 186 N.J. 511, 521 (2006)).]

5

The issues and facts presented in this matter pertain directly to Stracensky's liability for First Atlantic's attorneys' fees and costs owed to Saldutti that was litigated in the Monmouth County matter resulting in a summary judgment in favor of First Atlantic. Saldutti was in privity with First Atlantic in the Monmouth County matter because in addition to seeking compensatory damages from Stracensky, Saldutti also demanded that Stracensky pay the legal fees and costs it charged First Atlantic in representing the credit union.

Additionally, since Stracensky's appeal of the Monmouth County matter was pending before our court at the time this matter was before Judge Palmer, the Law Division did not have jurisdiction over this matter under Rule 2:9-1(a) because granting Stracensky the relief he was seeking—challenging the award of attorneys' fees and costs to First Atlantic—would essentially render the appeal moot. See Van Horn v. Van Horn, 415 N.J. Super. 398, 410 (App. Div. 2010) (holding that under Rule 2:9-1(a), the trial court does not have jurisdiction where the new issue in a related case has the capacity to render the pending appeal moot) (citing Carlucci v. Carlucci, 265 N.J. Super. 333, 339 (Ch. Div. 1993).

6

Moreover, under the entire controversy doctrine, Stracensky was procedurally obligated to bring his FDCPA claims in the Monmouth County matter through counterclaims or a third-party action, as the FDCPA claims pertain to the First Atlantic's collection demand letter to Stracensky and arise from the same set of facts. See R. 4:30A (generally requiring the parties to an action to raise all transactionally related claims in that action); Wadeer v. N.J. Mfrs. Ins. Co., 220 N.J. 591, 605 (2015) ("Th[e] doctrine 'embodies the principle that the adjudication of a legal controversy should occur in one litigation in only one court; accordingly, all parties involved in a litigation should at the very least present in that proceeding all of their claims and defenses that are related to the underlying controversy.'") (emphasis added) (quoting Highland Lakes Country Club & Cmty. Ass'n v. Nicastro, 201 N.J. 123, 125 (2009))

Based upon our conclusion that the order granting summary judgment was appropriate, there is no reason to conclude Judge Palmer abused his discretion in denying Stracensky's reconsideration motion. See Cummings v. Bahr, 295 N.J. Super. 374, 389 (App. Div. 1996).

Any arguments made by Stracensky that we have not expressly addressed are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

7                                                                    A-3983-19

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3983-19