**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0338-24

THE BANK OF NEW YORK
MELLON TRUST COMPANY
NATIONAL ASSOCIATION, f/k/a
THE BANK OF NEW YORK
TRUST COMPANY NA, AS
SUCCESSOR TO JP MORGAN
CHASE BANK NA, AS TRUSTEE
FOR RESIDENTIAL ASSET
MORTGAGE PRODUCTS
INCORPORATED MORTGAGE
ASSET-BACKED PASS-THROUGH
CERTIFICATE SERIES 2005-RP3,

     Plaintiff-Respondent,

v.

JOANNE FABER,

     Defendant-Appellant,

and

MR. FABER, SPOUSE OF JOANNE
FABER, GERDA M. PADUKOW,
PETER CIPOLETTA and SHIRLEY
CIPOLETTA, CACH OF NJ LLC,
T&M ASSOCIATES and CAROLE
PALEY,

Defendants.

_____

Submitted December 2, 2025 – Decided December 11, 2025

Before Judges Susswein and Chase.

On appeal from the Superior Court of New Jersey, Chancery Division, Ocean County, Docket No. F-041059-15.

Roderick L. Foxworth, Jr. (TMB Esquire, LLC), attorney for appellant.

Duane Morris, LLP, attorneys for respondent (Brett L. Messinger and Kassia Fialkoff, of counsel and on the brief).

PER CURIAM

Defendant Joanne Faber appeals from a September 13, 2024 order denying her motion to correct a clerical error under Rule 1:13. Because the controversy is now moot, we dismiss the appeal.

This appeal arises from a foreclosure action. Previously, we affirmed summary judgment in favor of plaintiff and returned the matter to the Office of Foreclosure to proceed as an uncontested foreclosure. The Bank of New York Mellon Trust Company N.A. v. Joanne Faber (Faber I), No. A-1223-22, (App. Div. Apr. 23, 2025) (Slip. Op. 1-12).

While Faber I was pending, several events occurred. In August 2023, defendant filed a complaint against plaintiff in the District Court of New Jersey, which was dismissed, with leave to amend. Faber v. Bank of N.Y. Mellon, No. 23-04520 (D.N.J. Dec. 20, 2024). Defendant filed an amended complaint and sought reconsideration, but the District Court denied relief. Faber v. Bank of N.Y. Mellon, No. 23-04520 (D.N.J. July 8, 2025).

On February 7, 2024, the Office of Foreclosure requested a status report. Plaintiff timely filed the required certification, but the Office of Foreclosure believed otherwise and entered an administrative order referring the matter back to the Chancery Court. Recognizing this mistake, the Chancery Court sent the case back to the Office of Foreclosure.

In April 2024, defendant filed a motion under Rule 1:13 to correct a clerical error and to transfer the case back to the Chancery Court. On September 13, 2024, after oral argument, the court determined "the matter was properly before the Office of Foreclosure pending the resolution of the appeal" and denied defendant's motion.

Defendant appeals from that order. However, "controversies which have become moot or academic prior to judicial resolution ordinarily will be dismissed." Cinque v. N.J. Dep't of Corr., 261 N.J. Super. 242, 243 (App. Div.

3

1993).  The vital inquiry into mootness ensures that "judicial power is . . . exercised to strike down governmental action only at the instance of one who is himself harmed, or immediately threatened with harm, by the challenged conduct."  Jackson v. Dep't of Corr., 335 N.J. Super. 227, 231 (App. Div. 2000).  "A case is moot if the disputed issue has been resolved, at least with respect to the parties who instituted the litigation."  Caput Mortuum v. S & S, 366 N.J. Super. 323, 330 (App. Div. 2004).  Dismissal is appropriate when "a judgment cannot grant effective relief, or there is no concrete adversity of interest between the parties."  Ibid.  "An issue is 'moot when our decision sought in a matter, when rendered, can have no practical effect on the existing controversy.'"  Redd v. Bowman, 223 N.J. 87, 104 (2015) (quoting Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 221-22 (App. Div. 2011)).

Defendant's assertions involve the court's issuance of an order to correct a clerical mistake while an appeal was pending in this court.  Pursuant to Rule 1:13-1, clerical errors can be corrected at any time.  Kiernan v. Kiernan, 355 N.J. Super. 89, 93 (App. Div. 2002); McNair v. McNair, 332 N.J. Super. 195, 199 (App. Div. 2000).

A-0338-24

Defendant also claims the matter is contested due to her ongoing challenges. However, under Rule 4:64-1(c)(3), a matter is deemed uncontested if "all the contesting pleadings have been stricken or otherwise rendered noncontesting." In Faber I, we affirmed the order, striking defendant's pleadings with prejudice. By definition, this matter is uncontested.

Any decision we would make would have no practical effect as the matter would still be with the Office of Foreclosure as uncontested. See R. 1:34-6 (empowering the Office of Foreclosure to issue orders and judgments in uncontested matters pursuant to Rule 4:64-1 and Rule 4:64-7). Consequently, this matter is moot because a controversy no longer exists and the issue presented has been resolved. See Caput Mortuum, 366 N.J. Super. at 330 (citing Advance Elec. Co. v. Montgomery Township Bd. of Educ., 351 N.J. Super. 160, 166 (App. Div. 2002), certif. denied, 174 N.J. 364 (2002)) (stating "our courts generally will not decide a case if . . . a judgment cannot grant effective relief.").

To the extent we have not specifically addressed any other contentions raised by defendant, they lack sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(1)(E).

Dismissed as moot.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division

5

A-0338-24